No. 2431
Second Circuit

C. H. THOMPSON, ET AL. v. J. S. CROW

(December 10, 1925, Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana  Digest—Compensation—Par. 15.

The defendant when sued on a promissory note and mortgage, cannot plead compensation and offset which consists of an unliquidated account.

2. Louisiana  Digest—Compensation—Par. 19.

Defendant when sued on a promissory note and mortgage owned by a partnership, cannot plead compensation and offset of a debt due by one of the partners.

3. Louisiana  Digest—Evidence—Par. 63, 106.

For the purpose of trial of the issue as to whether the note which is the basis of plaintiff's suit has been paid and extinguished by compensation, the note is properly admissible in evidence.

4. Louisiana  Digest—Executory Process— Par. 79.

The point that the court had insufficient evidence to authorize a fiat ordering a sale under executory process can only be properly urged on appeal from the court's order.

5. Louisiana  Digest—Injunction—Par. 15.

The fact that the court had insufficient evidence to authorize the fiat ordering a sale under executory process is no ground for the granting of an injunction.

6. Louisiana  Digest—Injunction—Par. 2.

Article 738 and Par. 7 of Article 739 of the Code of Practice in regard to injunctions do not apply where the plaintiff has an unliquidated account.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Union, Hon. S. D. Pearce, Judge.

This is a suit in which the plaintiffs, the owners of a promissory note secured by a mortgage proceded by executory process

against the property mortgaged. The defense was compensation and offset. The defendant also proceeding as plaintiffs in injunction, sought to enjoin the sale. There was judgment for plaintiffs and against defendant on the plea of compensation, and dissolving his injunction. Defendant appealed.

Judgment affirmed.

H. E. Dawkins, of Farmerville, attorney for plaintiffs, appellees.

H. C. Fields, of Farmerville, attorney for defendant, appellant.

ODOM, J.    Our learned brother of the district bench in a well considered written opinion has correctly, we think, set forth the pleadings and the facts in this case as follows:

"Plaintiffs, O. H. Thompson, and G. C. Payne, alleging themselves to be owners of a certain promissory note for three hundred and fifty dollars, with eight per cent per annum interest thereon from maturity— November 1, 1919—and ten per cent attorney's fee, executed and signed by J. S. Crow, on June 16, 1919, and payable to the order of T. L. and M. Davis, secured by mortgage on forty acres of land situated in Union parish, Louisiana, which act of mortgage is notarial in form, proceeded by executory process against the property mortgaged and gave notice to the debtor that unless the debt was paid within four days the property would be seized, advertised and sold to pay the said note. The note and mortgage are of even date and passed before T. L. Holloway, notary public for Union parish, the note having been paraphed by the officer to identify it with the act of mortgage; the said note and mortgage were subsequently transferred by endorsement by the payees and thus became the property of the plaintiffs herein. The property mortgaged is described as SW¼ of SE¼ Section 14, Township 22 North, Range 2 East, with all improvements thereon. Within two days after the issuance of this notice the defendant, J. S. Crow, presented a petition to the court in answer to the same. He acknowledged the execution and signing of the note and mortgage as alleged by plaintiffs, but alleged that he had paid all of the same except the sum of

eighteen dollars and ninety-two cents which he alleges he had tendered to counsel for plaintiff after the institution of this suit by executory process, and that same had been refused; whereupon he prayed for a writ of injunction without bond restraining and enjoining the plaintiffs and the sheriff of Union parish from proceeding with the seizure and sale of the forty acres of land mortgaged to secure the payment of the said note.

"The payment pleaded by the defendant in the main suit, who is plaintiff in the injunction, consists of an unliquidated account against T. L. Davis, one of the plaintiffs in the main suit, of five items aggregating the sum of three hundred and fifty-seven dollars and forty cents; the items and amount of each being specifically set forth in the petition for injunction, viz: The price of two bales of cotton sold by defendant to T. L. Davis, $213.40; hauling gravel, $76.00; hauling concrete mixer, five wheel-barrows, one block and tackle from Eros, La., to Marion, La., $40.00; hauling steel cross-beams, $20.00; and the purchase price of a gravel slip sold by defendant to said T. L. Davis, $8.00. Defendant alleges that he was to receive credit for the above amounts on the said note for $350.00, which he alleges was promised him by the said T. L. Davis. He therefore pleads the said account as a liquidated account in compensation against the aforesaid note and mortgage. The period of time covered by the account runs from March to August, 1921.

"At the outset of the trial, and on defendant being asked to establish his account, which he sought to plead in compensation, counsel for plaintiff objected to testimony to establish the claim upon the ground that an unliquidated account could not be pleaded in compensation against the promissory note sued upon. The objection was overruled and the testimony admitted subject to the objection. This objection and ruling was then made general to similar testimony. Defendant then testified to each and every item of his claim, and his two sons also testified in his behalf relative to some of the items of his claim.

"Plaintiff in rebuttal offered and filed in evidence the deposition of T. L. Davis, taken under commission, in which this witness denied that defendant, J. S. Crow, had ever paid anything whatever upon the note, sued on in this case. He denies the receipt of two bales of cotton claimed as a credit by defendant on the note, but admits that he received one small bale to be applied on defendant's open account with him that year, and that the cotton was so applied; he denied ever owing the charge of eight dollars for a gravel slip; and as to all the other charges made by defendant he testified that defendant had testified that defendant had been paid in full. All of the items except the cotton were charged for services rendered by defendant to T. L. Davis in the latter's building operations, in which operations T. L. Davis appears to have had associated with him his nephew, Miles Davis.

"The testimony of Miles Davis is also to the effect that all of defendant's claims for services in the building operations had been paid, with other claims for labor and materials. Witness T. L. Davis also testified that all of his payments for labor and services rendered to him by defendant were in cash and goods, as desired by defendant; that defendant owed him a considerable amount on open account which he allowed to go out of date for the reason that defendant was not able to pay it, and that it could not be recovered by judgment; that defendant never made any payments of the note, or requested that any amount be credited on it, nor did he mention the note after it was given.

"Even if the account of defendant was a liquidated account, and as such pleadable in compensation as against the note sued on, which, under the law, it is not, the evidence to the effect that it has been paid is so strong, and the presumption of its extinguishment is so great, that the court would not be justifiable in allowing it to offset the note sued on by plaintiffs to any extent. The claim is in no sense of the law a liquidated account and as such raised to that rank that the promissory note in the case occupies; and for that reason the plain provisions of the Civil Code, to say nothing of the innumerable decisions of the Supreme Court of this state, deny the holder of the account the right of using it as an offset to the note.

"But this is not the only reason why defendant cannot legally plead his account in compensation and offset in this case, nor is it the weightiest reason. The note sued on, which defendant endeavors to offset with an account, appears upon its face to have been given by defendant to 'T. L. and M. Davis' as payees, who were evidently part-

ners. Who they were, and if partners, the nature of the partnership does not appear from the testimony or the record of the case; while the testimony of defendant, J. S. Crow, shows unquestionably that T. L. Davis individually owed him the account he endeavors to plead in compensation in this case. And this being true, it would hardly be contended that the individual debt of a partner is pleadable in compensation against a partnership debt. In other words, if Crow owes the partnership of T. L. and M. Davis a sum of money, and T. L. Davis owes Crowe a sum of money, and Crow is sued by T. L. and M. Davis on the said partnership debt, he cannot plead in compensation in such suit his claim against T. L. Davis. See Smith vs. Duncan & Jackson, 1 M. 25; Smith vs. McMicken, 3 La. Ann. 322; Dick vs. Byrne, 7 R. 467. Also citations under Section 19 under head 'Partnership' vol. II La. Dig. pp. 183, 184.

"Either of the above two reasons are a sufficient bar to protect the plaintiffs against the plea of compensation sought to be interposed by defendant against the note sued on herein. If, in truth and in fact, T. L. Davis still owes defendant, J. S. Crow, the debt Crow is seeking to offset the note sued on herein, it is exceedingly unfortunate for Crow, for which he himself is alone to blame, in that he took no receipts from Davis and nothing in the way of a written statement to show for the transaction, and in allowing so long a time to elapse—between three and four years—without any action on his claim. It may be that he trusted too implicitly in Davis doing what he says he instructed Davis to do, and what he says Davis agreed to do, and was not aware of the consequences of his neglect. He has slept over his rights with the invariable result."

We concur in the conclusions reached by him.

Counsel for defendant, after referring to the testimony adduced on the trial, says, in brief:

"It is defendant's contention that as this note was made in favor of T. L. and M. Davis, and the mortgage recited it was to secure the payment of a note made in favor of T. L. and M. Davis, that the note and mortgage could not be validly transferred without a written assignment, and that there was no evidence on the part of the plaintiff to show any valid transfer of the note. It is well known that when a note is made in blank and endorsed in blank that then it is transferrable without any written assignment, but where the note is made in favor of a certain party and is secured by an act of mortgage in favor of the same party the mortgage and the note cannot be transferred except by written assignment, and that an endorsement of the note under such conditions will not transfer the mortgage.

"We take the position further that as this note was not transferred validly and there was no assignment of the mortgage, that the plaintiffs in this case never did acquire any rights in the mortgage, and, therefore, the court could not order a sale under executory process."

The negotiable instrument law (Act 64 of 1904) page 147, provides:

"Sec. 30. An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiable by delivery; if payable to order it is negotiated by the endorsement of the holder completed by delivery."

The mortgage note sued on is made payable to T. L. and M. Davis and endorsed by T. L. and M. Davis. There is no contention that the note was not delivered to plaintiffs after endorsement.

Section 59 of the same act provides:

"Every holder is deemed prima facie to be a holder in due course; * * *."

It was therefore not necessary for plaintiffs to submit any further evidence to show a valid transfer. The note was endorsed in blank by the payee who delivered it to the plaintiffs. Plaintiffs being holders in due course had a right to bring suit for its collection. The fact that the note is secured by a mortgage does not change the rule with reference to its negotiability.

The only issue raised in the district court and therefore the only issue before

us is whether the note sued on by plaintiffs has been paid and extinguished by compensation. For the purposes of the trial on that issue the holders of the note in due course had a right to use it in evidence and the lower court admitted it for the purpose for which it was offered.

The rule which counsel for defendant invokes is not applicable to the issues before us. The holders of the note sued on were granted a writ of seizure and sale under the note and the mortgage securing it. The question as to whether the judge who granted the order had sufficient evidence on which to base that order is not before the court because there was no appeal from that order.

Counsel for defendant argued orally and in brief that inasmuch as there was no formal written transfer of the note and mortgage the court could not order a sale under executory process.

That point could properly be urged only on appeal from the court's order. On appeal from such an order the only question is the sufficiency of the evidence to authorize the fiat. But insufficiency of the authentic evidence on which such an order is granted is no ground for an injunction.

See Dupre, administrator vs. Anderson, 45 La. Ann. 1134, 13 South. 743.

In the case of Franec vs. Brewster, 141 La. 1031, 76 South. 187, the court said:

"The only process afforded a defendant for arresting executory proceedings, on the complaint that there was not sufficient authentic evidence before the judge to authorize the issuance of his fiat, is by an appeal from the order of seizure and sale. And the only remedy for arresting executory proceedings, on grounds not disclosed by the proceedings, is by injunction."

Citing Article 738 of the Code of Practice and several decisions of the Supreme Court.

Defendant in the case at bar sought to arrest the sale of the property on one of the specific grounds set out in that article of the Code, to-wit: "That he has a liquidated account to plead in compensation to the debt claimed" as set out in paragraph five of his petition for injunction. On that question of fact the court correctly ruled against him.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed, defendant to pay all costs.