BROCK, State Bank Commissioner, v.
MESSINA et ux.
No. 2208.
Court of Appeal of Louisiana. First Circuit.
March 4, 1941.
On Application for Rehearing
April 14, 1941.

S. S. Reid, of Amite, for appellants.

Ponder & Ponder, of Amite, for appellee.

DORE, Judge.

This is an appeal from an order of seizure and sale issued on a mortgage note of $1,000, executed by defendants, husband and wife, payable to the order of the Farmers and Merchants Bank, and bearing the following endorsements, in blank: "Farmers and Merchants Bank, by Ivey N. Stafford, Cashier; Independence Bank and Trust Co., Ivey Hooper, Cashier, (with two witnesses); and Tangipahoa Bank & Trust Company, Independence Branch, P. E. Dollunde, Manager."

The suit is brought by J. S. Brock, State Bank Commissioner and, as such, liquidator of the Tangipahoa Bank & Trust Company in liquidation. The note and a certified copy of the mortgage were annexed to the petition. On the petition and these annexed documents, the order of executory process was issued. Defendants have suspensively appealed from this order.

The only issue on appeal from an order of executory process is the sufficiency of authentic evidence to justify the issuance of the writ. The complaint of the defendants is that no authentic evidence was furnished of the transfers of the note by the Farmers and Merchants Bank, the original payee or endorser, and by the subsequent payees or endorsers, and that, therefore, the order was issued without sufficient authentic evidence.

There is authentic evidence of the execution of the note and of the mortgage but none to show the transfer of the note and its accessory, the mortgage.

Unless the Negotiable Instrument Law (Act 64 of 1904) has changed the requirements, as contended by the plaintiff, that executory process cannot issue on a note, in the hands of a third person, payable to the order of a specific named payee, without authentic evidence of the endorsement and transfer of the note and its accessory, the mortgage, it is obvious that the order in this case was signed on insufficient evidence. See Miller v. Cappel, 36 La.Ann. 264.

Plaintiff contends that the adoption of the Uniform Negotiable Instrument Law (Act 64 of 1904) has changed the law to the effect that an endorsement must be authentic in form as a prerequisite to executory process, and cites sections 30, 49 and 51 of the said act and also the case of Thompson v. Crow, 3 La.App. 158.

Section 30 provides that a note is negotiated when it is transferred from one per-

son to another, in such a manner as to constitute the transferee the holder thereof; and if payable to order it is negotiated by the endorsement of the holder completed for delivery. Section 49 provides that if the holder of a note made payable to his order transfers it for value without endorsing it, then the transferee is vested with such rights as the transferor may have had together with the additional right to have the transferor endorse the same, but the negotiation only takes effect when the endorsement is actually made. Section 51 provides that the holder of such instrument may sue in his own name, and payment to him in due course discharges the instrument.

■ The provisions of Act 64 of 1904 are part of our substantive law while the requirement that in signing an order of executory process the judge must have before him authentic evidence of the transfer of the note by endorsement, whenever the note is not made payable to the order of the maker and by himself endorsed, is adjective or procedural law. The plaintiff confuses the legal transfer of the note with that of the evidence or proof of the transfer. We are of the opinion that it was not the intention of the Legislature, in passing Act 64 of 1904, to supersede, amend or alter the Code of Practice relative to procedure in the enforcement of obligations; we do not find wherein they are in conflict.

The case of Thompson v. Crow, 3 La. App. 158, is a suit wherein the plaintiffs, owners of a mortgage note, proceeded by executory process. The note had been executed by defendant, and was made payable to T. L. & M. Davis, who transferred it to plaintiffs by endorsement in blank. The defendant sought by injunction to enjoin the sale on the ground of compensation and not by an appeal from the order as in this case. On the trial of the merits for a writ of injunction, the court held that defendant could not plead compensation and offset an unliquidated account against the note, and further held that, for the purpose of the trial of the issue as to whether the note, which was the basis of the suit, had been paid and extinguished by compensation, this being the only issue before the court, the note was properly admitted in evidence.

The court did hold that the plaintiffs, being the holder of the mortgage note payable to order and endorsed by the payee, had the right to sue on the note, but the court did not hold in that case that such endorsement would be sufficient evidence of the transfer of the note and mortgage so as to justify an order of seizure and sale. On the contrary, the court held that the only way that the mortgagor could take advantage of the lack of authentic evidence of the transfer was by an appeal from the order, as was done in the case at bar, the intimation being that if an appeal had been taken from the order of seizure and sale, the situation would have been different. That decision is not apposite to this case.

■ Our conclusion is that the order of seizure and sale issued in this case was not supported by the kind of evidence which the law requires, and therefore it is ordered that the order of seizure and sale issued in this case be annulled and set aside, and that plaintiff's suit be dismissed as in case of non-suit, at his costs in both courts.

On Application for Rehearing.

PER CURIAM.

Plaintiff in his original application for rehearing complained of our having dismissed the suit, as non-suit, contending that we should have remanded the case for further proceedings, citing the case of Cathey v. Henriques, 160 La. 692, 107 So. 493, in which the case of Richard v. Bird, 4 La. 305, 307 is cited with approval. The case of Cathey v. Henriques, supra, is not apposite to the case at bar. We have followed the case of Miller v. Cappel, 36 La.Ann. 264, as the proper procedure and decree.

In a supplemental application and brief, plaintiff cites the case of Childs v. Pruitt, 196 La. 866, 200 So. 282, 285, and contends that this case is applicable to the case at bar. The mere reading of this case will clearly show that it is not apposite to our case. The Supreme Court in its discussion of the several grounds upon which the executory proceedings had in a former suit were sought to be set aside stated: "Having reached this conclusion, it necessarily follows that any lack of authenticity in the transfer of the note executed upon was *cured* by Childs' action in appearing before a notary public and two witnesses to acknowledge that the executory process might issue in favor of James T. Pruitt and that the property might be seized and sold to pay and satisfy the alleged indebtedness, which he 'acknowledged to be due,' " (italics ours).

Rehearing refused.