EASTERN DIST

*May,* 1839.

DAKIN ET AL. *vs.* GANAHL AND CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

DAKIN ET AL.
*vs.*
GANAHL AND CO.

Where certain notes were given in payment of the price of a piece of pro-
perty, which in the act of sale are identified with the mortgage, and
described as being to the order of C. H., but it is not stated that they
*were endorsed* by C. H.: *Held,* that the mortgagee or his transferee
cannot proceed by the executory process against the property, to enforce
payment of the notes. The endorsement is a matter *en pais,* of which
the act furnishes no proof.

This case comes up on an injunction to stop proceedings
on an order of seizure and sale.

The defendants, as the transferees by authentic act of
John Green, obtained an order of seizure and sale for the
payment of a note signed by the plaintiffs in injunction for
two thousand dollars, and were proceeding to advertise and
sell the property mortgaged to secure payment, when they
were enjoined.

The evidence and facts show, that, in December, 1836,
Green caused to be sold at public auction lots and squares
in a town called Bloomingdale, and that Dakin & Dakin
became the purchasers of a square for the sum of eight
thousand dollars, payable by instalments of two thousand
dollars each, for which they gave their notes.

The act of sale states : " Second payment, in the promis-
sory note of said Dakin & Dakin, dated the 17th day of
December, 1836, to the order of Cornelius Hurst, at one year
after date." The note is of the following tenor :

" NEW-ORLEANS, *December 17th,* 1836.

" One year after date we promise to pay to the order of
Cornelius Hurst two thousand dollars ; value received.

" DAKIN & DAKIN."

Endorsed :

" C. Hurst."    " John Green."    " John M. Bach."

" J. Calhoun."    " Thomas Barrett & Co."

" *New-Orleans, January 6th,* 1836 ; *ne varietur.*

" W. Y. LEWIS, *Not. Pub.*"

Green, the vendor, transferred the note, with his mortgage, to the defendants, and subrogated them to his rights by notarial act.

There is no evidence in the record, and no mention made in the act of sale, that Hurst, the payee of the note, endorsed it.

The district judge, however, dissolved the injunction, and allowed the seizure and sale to proceed under the executory proceedings. The plaintiffs appealed.

*I. W. Smith,* for the appellants.

The defendants in the seizure have the right to resist the order of seizure and sale, unless the plaintiffs have strictly complied with all the formalities of the law. *Crane* vs. *Baillio,* 7 *Martin, N. S.,* 276.

2. The order of seizure and sale is in the nature of a judgment; but it is rendered without citation, and on *ex parte* evidence only. That evidence, to be legal, must be wholly authentic. The plaintiffs, in the seizure, were bound to exhibit proof of three facts, *viz.*: 1st, That the debt sued on is now due to them; 2d, That it is due by the defendants in the seizure; and, 3d, That it bears mortgage on the property. *Tilghman* vs. *Dias,* 12 *Martin's Reports,* 695.

3. There is no evidence that the debt sued has ever been transferred to the plaintiffs in the seizure. Their petition sets out several endorsements all unproved, and derives title to the note through the last blank endorsement. By averring them specially, they become material facts, and cannot, on motion, be stricken out; they must be proved. Even the signature of the first endorser is not proved. The act of sale, which affords the only evidence on this point, does not show that Hurst ever endorsed the note sued on. *Wray* vs. *Henry,* 10 *Martin's Reports,* 223; *Lee* vs. *Dearmond,* 4 *Louisiana Reports,* 320; *Chitty on Bills,* 627, and the authorities there cited.

4. There is no evidence that the mortgage for the payment of the note has been legally transferred to the plaintiffs in the seizure. 1. Green could not transfer the mortgage,

because, as the petition, the note, the protest, and the act of subrogation show, Green no longer owned the note when he subrogated the plaintiffs in the seizure to his rights: these rights had been previously extinguished by his parting with the note. 2. The subrogation must follow the petition and the note. The mortgage cannot be made to jump over intermediate endorsers to alight on the last. *Louisiana Code,* 2156, *No.* 1; 7 *Toullier, Droit Civil, No.* 116.

*G. B. Duncan,* for the defendants in injunction.

1. The defendants were entitled to the order of seizure and sale. *Code of Practice,* 63, 733. It is not necessary for an applicant for an order of seizure and sale to show that the defendant is bound to him by authentic act; if the defendant has bound himself in that manner to any one, and the applicant has succeeded to such rights, and shows it by authentic evidence, it is sufficient. *Crane* vs. *Baillio,* 7 *Martin, N. S.,* 274.

2. It is not correct to say, that the order of seizure and sale is a judgment; it is only an order to enable a party to carry a judgment already granted into effect. *Code of Practice,* 733; *Louisiana Code,* 3361.

3. The note for the payment of which the order of seizure and sale issued was given by the defendants, for the real estate mortgaged, purchased by them of Green, and the first endorser was but a security; the defendants in the order of sale, therefore, as they gave the note with Cornelius Hurst as endorser, did, by authentic evidence, themselves warrant the genuineness of Hurst's signature, and it is rather late for them afterwards to say that his signature had not been shown. If there was any thing, however, in such an objection, it could not hold good in this case, for it is not true that there is no authentic evidence of his signature as endorser, for he is mentioned in the original act of mortgage as endorser of the note, and he himself signed the act before the notary, to verify the fact that he had endorsed the note. *Denton* vs. *Duplessis,* 12 *Louisiana Reports,* 89.

*Eustis, J.,* delivered the opinion of the court.

An order of seizure obtained by the defendants against a number of lots in the possession of the plaintiffs was enjoined at their instance. The injunction was dissolved, and the plaintiffs have appealed.

The only question presented in this case is, whether there is any evidence, by authentic act, of the transfer of the note and mortgage on which the order of seizure was granted.

The first endorser on the note is Cornelius Hurst, in whose favor the note was drawn.

The act of sale, with which the note is identified by the signature and certificate of the notary, acknowledges the delivery of several notes as the price of the lots sold. The note in question is described as being to the order of Cornelius Hurst, but no mention is made in the act of sale of his having endorsed it. The endorsement is a matter *in pais*, of which the act itself contains no proof; no authentic evidence of the fact is before us. The transfer of the mortgage by the vendor and mortgagee to the holder of the note does not remove the difficulty. The act proves nothing more than it purports to contain, *viz.*, that the note was paid by the holder, and that the mortgage stipulated in favor of the mortgagee is transferred to the holder of the note. It does not prove that Hurst ever endorsed the note. It is true that Hurst was a party to the original act, in which he relinquishes his bid to Dakin & Dakin, but this fact repudiates the supposition that he endorsed the notes, before or at the time of passing the act, for no mention of his having endorsed them is made in the act. It may be conceded that he endorsed them, but the objection is that there is no record evidence of the fact. The defendant, under these facts, could not proceed by the executory process for the recovery of his debt.

The judgment of the District Court is, therefore, reversed, and the seizure and sale of the property described in the petition, under the order of the District Court, is enjoined. The defendants and appellants to pay costs in both courts.

---

*Margin note:*

EASTERN DIST.
*May,* 1839.

DAKIN ET AL.
*vs.*
GANAHL AND CO.

Where certain notes are given in payment of the price of a piece of property, which in the act of sale are identified with the mortgage, and described as being to the order of C. H., but it is not stated that they were endorsed by C. H.: *Held*, that the mortgagee or his transferee, cannot proceed by the executory process against the property to enforce payment of the notes. The endorsement is a matter *en pais*, of which the act furnishes no proof.