BARKER, TO USE OF ATCHAFALAYA BANK *vs.* BANKS ET EL.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

Where the vendees and endorsers on notes, secured by mortgage, are par-
ties to the act of sale, it is not necessary that it be *expressed* therein, that
they *endorsed* the notes, to enable the vendor to proceed by the executory
process.

Evidence of demand and the right to claim interest results from the protest
and act of sale, when the price is for immoveable property.

The signature of a party to an act of sale is proof that he accepted the
sale.

This case commenced by the executory proceeding. Barker having sold to Banks and Cammack a lot of ground in New-Orleans for ten thousand dollars, the latter gave their six promissory notes, payable at different periods, drawn and endorsed in blank by each other, and secured by mortgage on the premisses. Barker having deposited the notes with the bank as collateral security, on several of them falling due and remaining unpaid, took out an order of seizure and sale to have a portion of the mortgaged property sold for cash, and the remainder on credits to correspond with the notes not yet due. The act of sale simply expressed that the notes were *drawn to the order of the payee*, without stating that they

EASTERN DIST. were *endorsed.* The notes were all marked *ne varietur,* and
June, 1840.  endorsed in blank by the payees.

BARKER ET AL.        The defendants appealed from the order of seizure, and
*vs.*   assigned errors.
BANKS ET AL.

*T. Slidell,* for the appellants.

*J. Barker,* for the appellees.

*Martin, J.,* delivered the opinion of the court.

The defendants are appellants from an order of seizure
and sale, granted to the plaintiff, Barker, for the use of the
Atchafalaya Bank, against certain property purchased by
them from Barker, the vendor.

The act of sale shows that the defendants, John G. Banks
and Robert C. Cammack,. purchased a corner lot of ground
in New-Orleans, for the sum of ten thousand dollars, payable
in six instalments, for which they gave their promissory
notes; each of them being alternately maker and endorser,
together with a mortgage on the property. The act of sale
éxpresses, that these notes are drawn payable *to the order of
the payee,* without stating that *he endorsed* the .same. The
vendor (Barker) acknowledges to have received these notes
after they had been marked *ne varietur* by the notary.

The defendants rely on the following assignment of errors.

1. There was no authentic evidence adduced, of the en-
dorsement of the payees of the notes sued on, or of the costs
of protest to authorize the order of seizure and sale to issue.

2. There is no authentic evidence of the demand of pay-
ment of said notes, nor of liability for interest.

Where the ven-        3. That there is no authentic evidence of the plaintiff's
dees and en-
dorsers on notes, acceptance of the mortgage; and generally that said order
secured by mort-
gage, are parties issued without sufficient authentic evidence, and is contrary
to the act of sale, to law.
it is not neces-
sary that it be        I. This case is to be distinguished from that of Dakin et
*expressed* there-
in, that they *en-* al. *vs.* Ganahl & Co.; 13 *Louisiana Reports,* 512; which is relied
*dorsed* the notes,
to enable the on; and is the case of *transferees* of a note and mortgage.
vendor to pro- The present is, that of the vendor against his vendees, all of
ceed by the ex-
cutory process. whom are parties to the authentic act, on which the order

of seizure and sale issued. This document establishes that the vendees were sureties for each other, and that the security was taken in the form of endorsed notes. Admitting that the sureties did not endorse the notes, the principals are not the less liable to their vendor; for the act of sale proves that they delivered the notes to the latter as evidence of the price of the sale.

II. Evidence of *demand*, and of the plaintiff's right to demand interest on the notes, results from the protest, and also from the act of sale; it being for the price of immoveable property.

III. The signature of the plaintiff to the act of sale, is evidence that he accepted it, with the mortgage and all the stipulations contained therein.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be affirmed, with costs.