No. 4082

**Second Circuit**

———

**TRUSSELL v. LAND ET AL.**

———

(January 14, 1932. Opinion and Decree.)
(February 16, 1932. Rehearing Refused.)

———

C. B. Roberts, of Jackson, Miss., attorney for plaintiff, appellee.

Barksdale, Warren & Barksdale, of Ruston, attorneys for defendants, appellants.

STEPHENS, J. This is a suit to foreclose a mortgage by ordinary process. It is alleged that the indebtedness secured by the mortgage is evidenced by two promissory notes for the sums of $303 and $330, subject to certain admitted credits. The notes as described in the petition and filed therewith are not clearly identified by the description in the act of mortgage.

The defendant C. H. Land, the mortgagor, assuming the position that the notes sued on were not those secured by the mortgage, filed a motion to produce the notes actually described in the instrument. On September 8, 1928, the motion was tried and sustained, and the suit dismissed as of non-suit. On January 9, 1931, on motion for rehearing (Judge E. L. Walker having succeeded Judge S. D. Pearce on the district bench in the meantime), the former ruling was set aside and the case reinstated. The defendant Land then filed an exception of no cause or right of action, and upon its being overruled answered the petition. He did not deny the execution of the notes sued on, but claimed additional credits thereon. He did, however, specifically deny that the mortgage was given to secure the notes. The defendant C. L. Livingston, co-maker with the defendant Land on the note for $330, but not a party to the mortgage contract, made no appearance.

Judgment was rendered in favor of plaintiff and against both defendants. The defendant C. H. Land prosecutes this appeal.

The motion to produce the notes described in the mortgage and the exception of no cause of action were, we think, properly overruled.

The motion to produce, if sustained, could only be enforced by the dismissal of the suit. There could be no legal justification for the dismissal of the suit, as the plaintiff was entitled to have the question tried as to whether she was entitled to

judgment on the notes sued on irrespective of the question of the validity of the mortgage or collateral obligation.

The exception of no cause of action was likewise leveled at the invalidity of the mortgage. It must be conceded that the petition discloses a cause of action in that it sets up the notes as the foundation of the suit. If two separate and distinct demands be set up in the same suit an exception of no cause or right of action may lie to eliminate the one while the other is maintained. But a mortgage cannot be the foundation of a separate and distinct demand from the obligation which it purports to secure, and if a cause of action is stated as to the principal obligation, an exception of no cause of action should be overruled as to the collateral obligation even though its invalidity is apparent.

The plaintiff is the surviving spouse and legal representative of R. B. Trussell. The notes sued on were acquired by her deceased husband long prior to the execution of the mortgage purporting to secure them. The one for $303.60 is dated October 19, 1917, and is identified with a chattel mortgage as shown by the paraph on its face. The other for the sum of $330, dated October 21, 1918, is unidentified with any other instrument and bears the signatures of both the appellant Land and the defendant Livingston. The mortgage sought to be foreclosed bears date October 14, 1921, acknowledges an indebtedness of $600, and provides that "for the reimbursement of which sum and as evidence of said indebtedness he (the defendant Land) has made and subscribed his certain promissory note of even date herewith, for the sum of six hundred dollars 2 promissory notes now on record payable to the order of R. B. Trussell." The black letter words were written into the instrument on a typewriter; the other quoted words appear in the printed form. (The black type ours.)

The defendant Land admitted on cross-examination that at the time the mortgage was executed his entire indebtedness to Trussell was represented by the two notes herein sued on, thereby admitting that the mortgage was given to secure the indebtedness evidenced by the said notes. His explanation of his position in defense of this suit is that it was agreed between him and Trussell that the old notes were to be canceled, thereby relieving Livingston as co-maker on the note for $330; and that a new note for $600 secured by the mortgage was to be given by him as representing the entire indebtedness. He testified that Trussell did not surrender the old notes, and for that reason, he did not give the new one. He admitted that before signing he saw and read the words in the mortgage: "2 promissory notes now on record."

A mortgage, broadly speaking, is governed by the same rules of construction and interpretation that apply to written instruments generally. The printed part of mortgages is as much a part thereof, and as strongly binds the parties thereto as the written part, but if there is an irreconcilable conflict between the two, the written part must prevail. 19 R. C. L., Mortgages, section 76.

A construction should be adopted which will sustain the mortgage as an operative and effective instrument rather than one which would defeat or destroy it. Contradictory clauses and ambiguities should be resolved against the mortgagor rather than the mortgagee. 41 Corpus Juris, Mortgages, par. 338.

In the mortgage herein sought to be enforced, there is a direct conflict in the de-

scription of the indebtedness as shown by the printed words and the written words. The printed language described the indebtedness to be secured as evidenced by a promissory note of even date, in the sum of $600; and the written language described the indebtedness to be $600, evidenced by two promissory notes now on record. The written language must prevail, but it is uncertain and ambiguous, and only becomes certain and free from ambiguity in the light of the oral admissions of the mortgagor, which were made without objection from the defendant. The defendant did object to the specific question as to whether the mortgage was given to secure the identical notes sued on, and the objection was overruled, and evidence of that fact admitted by the court, but it seems that the objection was abandoned, as the testimony on the point was developed fully by the defendant without reservation at a later stage of the trial.

We think the oral testimony, admitted without objection, should be considered, and that when considered it becomes apparent that the description written in type in the mortgage, "six hundred dollars 2 promissory notes now on record," referred to the notes sued on, which were the only existing instruments evidencing indebtedness as between R. B. Trussell and the defendant Land. At the time the mortgage was executed the amount due on the two outstanding notes was approximately $600, which was the amount acknowledged to be due and secured by that instrument.

We have carefully considered the credits allowed on the notes by the district judge and agree with his finding in that respect.

For which reasons assigned, we are of the opinion that the judgment appealed from is correct and should be affirmed, and it is so ordered.