JONES, Judge.
This court, under its supervisory jurisdiction as provided by Article 7, Section 29, Paragraph 3, of the Louisiana Constitution of 1921, as amended by Act 561 of 1958, LSA, directed writs of certiorari and alternative writs of prohibition and mandamus as well as the rule nisi to the District Judge and the parties in order to review the judgment of the lower court denying defendants’ (relators’) application for an injunction to arrest the order of seizure and sale of their property under executory process. The order of seizure and sale was issued by the District Court at the instance of the plaintiffs (respondents), the holders of a certain promissory note for $22,500, on which there is a substantial balance due and which was secured by mortgage on the property of the defendants. The mortgage, which is made in favor of the holder or holders of the note, describes said note as being subscribed by the mortgagors “to the order of ourselves”. The note which is secured by the mortgage is made “payable to the order of ourselves” and, in addition thereto, the endorsement of the three makers in blank appears on the back thereof. Thus, it is contended by relators that the order of seizure and sale was issued without sufficient evidence to justify a resort to executory process because there was no authentic evidence furnished as to the endorsement by the makers of the note.
Executory process under which a creditor is permitted, without citation or the usual delays, to seize the property of the debtor in satisfaction of his claim is a harsh remedy. Thus, there must be strict compliance with the letter of the law in order for a creditor to avail himself of such remedy. Myrtle Grove Packing Co. v. Mones, 226 La. 287, 76 So.2d 305; Ricks v. Bernstein, 19 La.Ann. 141; Calhoun v. Mechanics’ & Traders’ Bank, 30 La.Ann. 772; Bank of Leesville et al. v. Wingate, 123 La. 386, 48 So. 1005; Fortier v. Burthe, 19 La.Ann. 510.
Executory process is authorized under Article 732 of our Code of Practice when the rights of a creditor arise from an act importing a confession of judgment and which contains a privilege or mortgage in his favor, and Article 733 of the Code of Practice provides that an act is said to import a confession of judgment in matters of privilege and mortgage when it is passed before a notary public or other officer fulfilling the same functions in the presence of two witnesses and the obligor declares and acknowledges therein the obligations to which the mortgage or privilege relates.
More than 80 years ago, the Supreme Court of this state, in the case of Miller, Lyon & Co. v. Cappel (Curry), 36 La.Ann. 264, held that in order to justify the order of seizure and sale under execu-tory process every muniment of title and every link of evidence must be in the authentic form and that in such a proceeding the judge could entertain no matter in *46 pais. The court in the Miller case, supra, cited with approval the case of Mathe v. McCrystal, 11 La.Ann. 4, to the effect that in order for executory process to issue it was essential not only that the notarial act recite that defendant executed the note to his own order but also that he had endorsed it in blank.
The notarial act in the present case contains authentic evidence of the signatures of the makers but it does not contain authentic evidence of the endorsements of the note by the makers. Since the note is made payable to the order of the makers without authentic evidence of said endorsement, executory process was not available to the holders of said note.
It is contended by respondents that if the promissory note secured by the mortgage is bearer paper, then in order to obtain an order for executory process a plaintiff must exhibit only the note and the act of mortgage in authentic form containing a confession of judgment. Cited in support of this proposition is the case of Nolen v. Davidson’s Succession, La.App., 190 So. 826. In Nolen, the court found that the note was made payable to C. V. Palmer or bearer and the mortgage securing said note recited that the note was payable to C. V. Palmer or bearer. There was no endorsement of the note and the court held that no endorsement was necessary because the note on its face as well as the act of mortgage showed that it was a bearer note. The court cited Section 9 of Act 64 of 1904 (LSA-R.S. Title 7, Section 9) to the effect that an instrument is payable to bearer when it is expressed to be so payable. In Nolen, there was authentic evidence of the fact that the note was payable to bearer. In the present case, the note was made payable to the order of the makers and even though it is endorsed by them, there is no authentic evidence of said endorsement.
LSA-R.S. Title 7, Section 8, provides that an instrument is payable to order where it is drawn payable to a specified person or to him or his order and it may be drawn payable to the order of the drawer or the maker. LSA-R.S. Title 7, Section 30, provides that “An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery.” Thus, it is clear, even under the Negotiable Instruments Law, when the note is payable to order, there must be an endorsement of the holder completed by delivery before said note is negotiated.
Respondents further contend that under the provisions of LSA-R.S. Title 7, Section 9, Paragraph 5, that an instrument is payable to bearer when the only or last endorsement is an endorsement in blank. This is true insofar as the negotiation of a note is concerned but we are not here dealing with a question of the negotiation of the note, rather we are dealing with the question of whether there is authentic evidence of the endorsement of the note in order that the harsh remedy of executory process might be resorted to. Further than this, it is quite clear that the note herein is not a bearer instrument but an order instrument which requires both endorsement and delivery for negotiation. This being so, it necessarily follows that the authentic evidence of the endorsement of the makers in the present case was essential in order for the respondents to have been entitled to ex-ecutory process.
Counsel for respondents cites LSA-< R.S. 7:49 as follows:
“Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferer had therein, and the transferee acquires, in addition, the right to have the indorsement of the trans-ferer. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the in-dorsement is actually made.”
*47 Thus, it is argued that the negotiation takes place at the time of the transfer and if the note was not then endorsed even a subsequent endorsement is necessary only to determine rights as a holder in due course.
The Negotiable Instruments Law has to do with negotiation of an instrument and the provisions of this law do not abrogate ■or supersede the provisions of our law relative to the foreclosure of mortgages by ex-ecutory process specifically provided by Articles 732 and 733 of the Code of Practice construed by the jurisprudence of this state that in order for executory process to issue every muniment of title and every link of evidence must be in the authentic form. To illustrate the point, let us suppose that the note herein sued on, payable to the order of the makers, was not endorsed in blank. Then, according to LSA-R.S. 7:49, the transferee would have the right to have the ■endorsement of the transferer. If the transferer refused to endorse the note, then the transferee would have to file suit to force him to do so and this is a matter in pais which could not be resorted to in ■order to obtain executory process.
In Brock, State Bank Commissioner v. Messina et ux., La.App., 200 So. 511, 512, this court in construing the provisions of LSA-R.S. 7:49, as well as Sections 30 and 51 of said title, stated as follows:
“The provisions of Act 64 of 1904 are part of our substantive law while the requirement that in signing an order of executory process the judge must have before him authentic evidence of the transfer of the note by •endorsement, whenever the note is not made payable to the order of the maker and by himself endorsed, is adjective or procedural law. The plaintiff confuses the legal transfer of the note with that of the evidence or proof of the transfer. We are of the opinion that it was not the intention of the Legislature, in passing Act 64 of 1904, to ■supersede, amend or alter the Code of Practice relative to procedure in the enforcement of obligations; we do not find wherein they are in conflict.”
and the Supreme Court of this state in the landmark case of Miller, Lyon & Co. v. Cappel, supra, stated:
“The question to be met is not whether the signature in the blank endorsement is that of A. A. Mouton, but whether the judge was furnished with authentic evidence of that fact.”
Since the District Judge was not furnished with authentic evidence of the endorsement of these notes, made payable to the order of the makers, the order of seizure and sale authorizing executory process was improvidently issued and the injunction arresting said order of seizure and sale should have been granted.
Accordingly, the rule is made absolute, and the Honorable Jess Johnson, Judge of the Nineteenth Judicial District Court, is hereby ordered and directed to issue a preliminary injunction arresting the order of seizure and sale.