197 So.2d 182 (1967)
X-L FINANCE COMPANY, Inc.
v.
K. A. FENSKE and Mrs. K. A. Fenske.
No. 6970.
Court of Appeal of Louisiana, First Circuit.
March 13, 1967.
Rehearing Denied April 17, 1967.
*184 Dennis R. Whalen, Baton Rouge, for appellant.
Ralph Brewer, Baton Rouge, for appellee.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
Defendants, Mr. and Mrs. K. A. Fenske have taken this appeal from the judgment of the trial court in favor of plaintiff X-L Finance Company, Inc. (X-L), on a promissory note secured by chattel mortgage on certain household furnishings and appliances therein described. Although no pleadings, answer or exceptions were filed in the court below, appellants maintain on appeal the judgment in question should be set aside inasmuch as plaintiff's claim was previously discharged in bankruptcy.
We find no merit in defendants' contentions and affirm the judgment of the lower court.
The record reveals that suit upon the note in question was instituted by X-L against defendants on October 18, 1965, in the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana. On October 29, 1965, proceedings were instituted by appellants in the United States District Court, Eastern District of Louisiana, Baton Rouge Division, seeking their adjudication as bankrupts. The schedule of debts accompanying appellants' bankruptcy petition included the note and chattel mortgage held by X-L. By letter dated October 30, 1965, counsel for appellants notified counsel for X-L of the pendency of the bankruptcy application. *185 Said letter also contained the statement it was presumed no additional action would be taken in the state court suit due to the pending bankruptcy proceeding. On December 21, 1965, the referee in bankruptcy issued a stay order enjoining and restraining X-L from taking further action in its state court suit "until the question of the discharge of said bankrupts is determined or until further order of this court. * * *" In the bankruptcy proceeding appellants were adjudged bankrupts as of October 29, 1965, and were discharged as such by judgment of the bankruptcy court dated February 17, 1966.
By letter dated March 11, 1966, counsel for appellee requested the referee in bankruptcy to rescind his stay order of December 21, 1965, so that counsel might proceed in the state suit to obtain judgment against appellants on the note in question. In response to counsel's said letter, the referee, by letter dated March 15, 1966, in effect informed counsel that the December 21, 1965 stay order had by its own terms expired upon the discharge of defendants as bankrupts on February 17, 1966. On this premise, the referee concluded there was no need for the entry of an order vacating the previously granted stay. Subsequently, on April 1, 1966, counsel for X-L entered a preliminary default against appellants and confirmed same April 26, 1966. As previously shown, no answer, appearance or exceptions were filed in the state court action by defendants. At no time did defendants urge the discharge in bankruptcy as a defense or bar to plaintiff's suit.
In substance appellants contend the judgment of the trial court is null and void inasmuch as the record shows on its face (1) a stay order issued by the Federal Court was in effect on at the time of rendition of the judgment in question consequently no proceedings could be lawfully had in the state court and (2) it is also patent from the record that the judgment in question was improperly rendered inasmuch as the obligation sued upon was liquidated by the prior discharge in bankruptcy.
On the other hand, X-L maintains a discharge in bankruptcy must be specially plead in bar to a suit on a discharged obligation in a state court and no such plea was entered herein on behalf of appellants. X-L further contends there was no prohibition to its proceeding in the state court under the circumstances existing herein inasmuch as the stay order previously issued by the bankruptcy court had, by its own terms, expired prior to plaintiff's entry of preliminary default and confirmation thereof.
Resolution of the issues thusly presented must be had in the light of certain well established principles clearly applicable in this instance.
As regards a judgment obtained against a debtor based on a provable debt during the pendency of bankruptcy proceedings, the effect of a discharge in bankruptcy is the same as its effect on the claim itself. Vol. 8B C.J.S. Bankruptcy § 563, page 38 et seq.; Home Finance Service Washington Parish, Inc. v. Taylor, et al., La.App., 187 So.2d 778. In such cases the discharge is retroactive to the date of adjudication which antedates the judgment against the bankrupt thereby rendering the judgment null as against the bankrupt individually. Louisiana Machinery Company v. Passman, La.App., 158 So.2d 419.
Where suit is instituted in a state court against a debtor pending bankruptcy proceedings, the debtor cannot plead his discharge which has not yet been decreed. He can, however, apply for a stay order during pendency of the bankruptcy proceedings and upon discharge plead same in bar of the personal action against him. Home Finance Service Washington Parish, Inc. v. Taylor, supra.
Proceedings in other judicial or administrative tribunals are not ipso facto *186 suspended by an adjudication in bankruptcy and neither courts nor administrative tribunals are required to take judicial notice of bankruptcy proceedings. Bankruptcy Act § 63(a) (5), 11 U.S.C.A. § 103(a) (5). The filing or pendency of a petition in bankruptcy does not prevent the institution or prosecution of an action against the bankrupt, although such an action is subject to being stayed by order of the bankruptcy court. State courts are not without jurisdiction of an action against the bankrupt during the pendency of bankruptcy proceedings. A state court is not deprived of jurisdiction of a pending action or prevented from assuming jurisdiction of a new action against a debtor by an adjudication in bankruptcy unless a stay order is issued by the bankruptcy court. Prior proceedings in a pending action in a state court are not superseded by an adjudication of bankruptcy and where no stay is granted, the action may be prosecuted further and proceeded with, and the debtor may be compelled to observe and obey all lawful orders of the state court.
To avail himself of the benefits flowing from the Bankruptcy Act, a bankrupt must take timely and appropriate action in any cause pending against him in a state court. Home Finance Service Washington Parish, Inc. v. Taylor, supra.
A discharge in bankruptcy is neither a discharge nor extinguishment of the obligations discharged but merely a bar to their enforcement by legal proceedings. Pursuant to LSA-C.C.P. Article 1005, a discharge in bankruptcy is an affirmative defense which must be set forth in answer. Public Finance Corporation of Lafayette, Inc. v. Vice, La.App., 177 So.2d 315.
Subsequent to discharge in bankruptcy, the bankrupt must plead his discharge as an affirmative defense to an action seeking judgment on a discharged obligation. Failing to urge his discharge in bar of an action prosecuted against him subsequent to his discharge in bankruptcy, the bankrupt is deemed to have waived the benefits of his discharge and judgment may be rendered against him on a discharged obligation. Home Finance Service Washington Parish, Inc. v. Taylor, et al., supra.
Applying the foregoing principles to the case at bar we find no merit in appellants' contention the default judgment rendered against them was null and void because obtained while the stay order of the bankruptcy court was in effect. Appellants were discharged February 17, 1966. No action was taken in the state court by X-L during the interval between issuance of the stay order on December 21, 1965, and the discharge granted February 17, 1966. The preliminary default and subsequent judgment were entered and confirmed April 1, 1966, and April 26, 1966, respectively, both subsequent to appellants' discharge. The stay order expired by its own terms on the date of discharge. Consequently, following appellants' discharge, plaintiff herein was free to prosecute his action in the state court. It then became incumbent upon the debtors to plead their discharge in bar to further action in the state court by the creditor. Having failed to urge the discharge as an affirmative defense in bar of the state court action, appellants are deemed to have waived the benefits thereof.
Appellants in this court seek to plead their discharge in bar of plaintiff's suit. The record is barren of evidence of the discharge as such. No copy thereof appears in the record. It seems to be appellants' position that the letter of appellants' counsel to counsel for plaintiff, dated October 30, 1965, the referee's stay order of December 21, 1965, and the letter of the referee dated March 15, 1965, constitute knowledge to plaintiff of the discharge in bankruptcy and barred further action by the trial court.
Assuming arguendo, said factors charged the trial court with knowledge of the discharge, it can avail defendants *187 nothing. Mere knowledge of such a discharge does not divest the state court of the pending action under the circumstances. Nor would knowledge of the existence of a discharge impose on the state court the obligation of recognizing same as bar to further action by the creditor. Notwithstanding the discharge, the debtor possesses the option to plead or not plead same at his or her election. It is a recognized principle of law requiring no citation of authority in support thereof, that the moral obligation remains to pay the indebtedness despite the discharge.
Prior to the discharge, appellants-debtors did the only thing they could do, namely, obtain a stay order. Until the discharge was granted, there was no discharge to plead. Subsequent to the discharge, however, appellants' remedy lay in affirmatively pleading the discharge. This could only be accomplished by pleading same in answer to plaintiff's suit. LSA-C.C.P. Article 1005. The letter of plaintiff's counsel written prior to discharge cannot serve as the basis of an affirmative plea of a subsequently granted discharge.
Defendants urge our reversal of the judgment rendered against them because (1) An appellate court should, under authority of LSA-C.C.P. Article 2164 render any judgment which is just and proper upon the record on appeal; (2) Plaintiff having established the discharge in bankruptcy of the claim sued upon has, on authority of Li Rocchi v. Keen, 242 La. 111, 134 So.2d 893, proved evidence which cost plaintiff his claim; and (3) The judicial declaration of plaintiff regarding the bankruptcy discharge obtained by appellants is binding upon plaintiff.
While it is true an appellate court may render any judgment just and proper on the record on appeal as provided in LSA-C.C.P. Article 2164, said rule is without application as regards a defense not raised and passed upon in the trial court. Aleman v. Sewerage & Water Board of New Orleans, 196 La. 428, 199 So. 380. It is also well settled that as a general rule, a defense not pleaded in the trial court may not be raised for the first time on appeal. Lindner v. Cotonio, 175 La. 352, 143 So. 286.
Mere reference to the discharge by the documents introduced in evidence by the creditor herein do not constitute either proof of the discharge or the pleading of same as an affirmative defense by defendants. Li Rocchi v. Keen, 242 La. 111, 134 So.2d 893, relied on by appellants as authority for the rule that a plaintiff may prove evidence which defeats his own cause is clearly distinguishable from the case at bar. The Li Rocchi case, supra, involved an executory proceeding pursuant to a note and mortgage and the evidence therein involved dealt with ownership of the note on which the suit was based.
That the creditor may recognize the debt has been discharged in bankruptcy does not bar his suit to reduce the obligation to judgment following release of the debtor in bankruptcy. Under such circumstances, it is incumbent upon the bankrupt to affirmatively plead his discharge. LSA-C.C.P. Article 1005; Home Finance Service Washington Parish, Inc. v. Taylor, et al., supra.
Having neglected to plead the discharge in bar of plaintiff's action, the trial court was free to render the judgment entered.
Accordingly, the judgment of the trial court is affirmed at appellants' cost.
Affirmed.