SEXTON, Judge.
The plaintiffs, A.J. Reynolds, Jr., Dorothy O. Reynolds, Malcolm MeEachem, Beverly O. McEachern, and Mabel S. O’Neal, appeal the trial court judgment which rejected their demand against the defendants, the judicially unopened succession of Major Williams and Essie Williams,[1] seeking judgment for the indebtedness evidenced by a promissory note and secured by a mortgage. The trial court judgment further ordered the plaintiffs to reimburse the defendants the sum of $9,138.39. We reverse.
The plaintiffs are parties and the heirs of deceased parties who sold two lots of property in Tallulah, Louisiana, to Major Williams on February 14, 1966. The purchase price was $9,564.00. Mr. Williams paid $75.00 in cash and executed a promissory note in the amount of the remaining balance, $9,489.00. A mortgage on the property secured the debt.
Although the debt was payable in monthly installments of $75.00, Mr. Williams made only sporadic payments. By the time of his final payment on August 5, 1989, Mr. Williams had paid $18,702.39 on the debt. Mr. Williams died on August 16, 1989. The plaintiffs filed a petition for executory process claiming a balance owed of $9,439.06 on the original debt and seeking to foreclose on the mortgaged property. The case was later converted from executory to ordinary proceedings pursuant to LSA-C.C.P. Art. 2644. Defendants raised the affirmative defense of usury.
Following a bench trial, the trial court issued written reasons for judgment. The trial court found that the promissory note and the mortgage provided for slightly inconsistent methods of crediting payments and calculating interest. The note provided:
Payable in monthly equal installments of $75.00 to be credited first to interest on any unpaid principal balance and then to principal ... with interest on each installment at the rate of eight per centum per annum from date until paid....
The mortgage provided:
... the said note to bear interest on the unpaid principal balance at the rate of *3 eight per cent (8%) per annum and is payable in monthly installments of Seventy-five Dollars ($75.00) each ... such installments to be applied first to the payment of interest on the principal sum or on any unpaid balance thereof at the aforesaid rate of 8% per annum and the remainder to principal.
The trial court interpreted the mortgage as requiring eight percent interest on any unpaid principal balance together with eight percent interest on any unpaid balance of accrued interest. Although the promissory note did not call for the charging of interest on unpaid interest, the trial court, noting that the promissory note was a printed form and that plaintiffs’ own accounting methods followed the mortgage, found the latter document controlling. The trial court found that the contract provided and the plaintiffs attempted to collect interest on unpaid interest in addition to interest on the principal balance. As the interest rate was already eight percent,[2] the effect of charging interest on interest was to have interest accrue at a rate greater than eight percent, and thus at a usurious interest rate. Citing LSA-R.S. 9:3501, the trial court found that the charging of usurious interest results in the forfeit of all interest collected, not just that above eight percent. The trial court thus ordered plaintiffs to reimburse the defendants the interest paid, $9,138.39.
Following the rendition of judgment, plaintiffs moved for a new trial. The trial court denied the motion for new trial, but gave additional reasons for judgment. The trial court reiterated that it found that the evidence showed plaintiffs had collected usurious interest. The court noted that, although it appeared a clerical error resulted in interest being charged on interest and plaintiffs likely did not intend to collect usurious interest, the evidence showed that usurious interest was nevertheless collected. The trial court rejected plaintiffs’ argument that the money judgment in favor of defendants should not have been made without a recon-ventional demand. The trial court found that by raising the affirmative defense of usury, defendants made their claim known to plaintiffs, thereby obviating the need for the filing of a reconventional demand.[3]
At the outset, we note that the trial court’s initial interpretation of the mortgage places a constrained reading on that document. The trial court interpreted the clause “... installments to be applied first to the payment of interest on the principal sum or on any unpaid balance thereof at ... eight percent per annum and the remainder to principal” as a provision requiring the payment of interest on interest. The trial court based this interpretation on a finding that “any unpaid balance thereof’ in the above clause refers to any unpaid balance of interest. However, the phrase may also refer to the remaining principal balance. This latter interpretation is consistent with the earlier clause in the mortgage which unequivocally provides that the eight percent interest is charged to the unpaid principal balance. The provisions of a contract must be interpreted in light of each other so that each is given the meaning suggested by the contract as a whole. LSA-C.C. Art. 2050.
Further, a contract provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not one that renders it ineffective. LSA-C.C. Art. 2049. The trial court’s initial interpretation of the clause would render that clause of the mortgage ineffective as requiring interest on interest already being collected at the maximum allowed by law, thus resulting in the charging of a usurious rate of interest. Interpreting the clause as referring to interest being charged only on the unpaid princi *4 pal balance would ensure that the clause could be interpreted so as to give it effect.
Further, as noted by the trial court, contemporaneously executed written agreements on the same subject matter may be construed together in seeking to determine what was in the contemplation of the parties thereto. Li Rocchi v. Keen, 242 La. 111, 134 So.2d 893 (1961); Mills’ Succession v. Manasseh, 147 So. 77 (La.App. 2d Cir.1933). The contemporaneously executed promissory note clearly does not require the charging of interest on interest. We, accordingly, find that neither of the documents, the promissory note nor the credit sale deed with mortgage, called for the charging of usurious interest.[4]
We further note that, contrary to defendants’ argument, this case is not governed by LSA-C.C. Art. 2001. That article, which generally prohibits the collection of interest on accrued interest as damages, applies only to moratory damages. The article does not apply to interest paid for the use of money. LSA-C.C. Art. 2001, Comment (c); Firmin, Inc. v. Denham Springs Floor Covering, Inc., 595 So.2d 1164 (La.App. 1st Cir.1991).
The ultimate issue is whether plaintiffs actually collected interest at a usurious rate. If so, the result would require, as the trial court ordered, a forfeiture of the entire interest collected and not just the usurious portion of the interest. LSA-R.S. 9:3601; Thrift Funds of Baton Rouge, Inc. v. Jones, 274 So.2d 150 (La.1973), cert. denied, 414 U.S. 820, 94 S.Ct. 115, 38 L.Ed.2d 53 (1973). In its additional reasons for judgment following plaintiffs’ motion for new trial, the trial court found that plaintiffs did not intend to collect usurious interest. Rather, a clerical error in plaintiffs’ bookkeeping or accounting methods resulted in interest accruing on interest. The situation is similar to the case in Huddleston v. Bossier Bank and Trust Company, 475 So.2d 1082 (La.1985). There, the court held that where a promissory note became usurious on its face by virtue of a clerical error and where the holder of the note neither collected nor intended to collect usurious interest, the legal interest collected should not be forfeited.
The trial court found that the plaintiffs actually collected usurious interest. The basis for this conclusion was the trial court’s incredulity that Mr. Williams could pay $18,-702.39 on an original debt of only $9,564.00. Nevertheless, Sharon French, a certified public accountant, testified that she ran an amortization schedule on the loan, introduced into evidence as Exhibit P-2. That exhibit, together with Ms. French’s testimony, reveals that if all payments had been timely made, Mr. Williams would have paid a total of $20,932.50 over 23 plus years to fully pay off the debt. Clearly, Mr. Williams’s erratic payment schedule, including one span of a year and one-half in which he made no payments and several payments by checks returned for insufficient funds, significantly increased the amount and extent of his debt.
There is absolutely no evidence in the record that Mr. Williams’s indebtedness was increased by the charging of usurious interest. The trial court finding otherwise was clearly erroneous. Although an accounting error was admittedly made by plaintiffs, which might have resulted in the payment of usurious interest if the entire debt had been satisfied, its effect was checked by Mr. Williams’s significant remaining indebtedness. The proper recalculation of the debt, using separate principal and interest balances, is found attached to plaintiffs’ post-trial brief. A balance of $8,398.77 remained unpaid as of December 12, 1989.
For the above and foregoing reasons, the trial court judgment is accordingly reversed.
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of the plaintiffs, A.J. Reynolds, Jr., Dorothy O. Reynolds, Malcolm McEachern, Beverly O. MeEachem, and Mabel S. O’Neal, and against the defendants, the judicially unopened succession of Major Williams and Essie Williams, in rem, in the amount of Eight Thousand Three Hundred Ninety-Eight and 77/100 Dollars *5 ($8,398.77), together with eight percent (8%) interest thereon from December 12, 1989, twenty-five percent (25%) attorney fees, and all costs of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs’ mortgage on the immovable property, described as:
Lots One (1) and Two (2) of Block Five (5) of the Spencer & Sevier Addition to the Village of Tallulah, as shown by plat of said Addition recorded in Conveyance Book “V” at page 492, records of the Parish of Madison, State of Louisiana,
be and is hereby recognized and maintained.
REVERSED AND RENDERED.
Before MARVIN, SEXTON, NORRIS, VICTORY and STEWART, JJ.

. Essie Williams, now Duncan, was married to Mr. Williams from January 1955 to March 1971.

. In 1966 when the contract was entered, LSA-C.C. Art. 2924 provided that interest could not exceed eight percent.

. There was no pleading styled as a reconven-tional demand. Service of the answer was by mail, contrary to the requirement of LSA-C.C.P. Art. 1314 that a reconventional demand be served by the sheriff. Plaintiffs vigorously contend on appeal that a money judgment should not have been rendered in favor of defendants without a reconventional demand. In light of our ultimate holding, we find it unnecessary to address this issue. Of course, there is the additional complication that the party receiving judgment in the trial court was an “unopened succession.”

. Apparently, the trial court eventually so concluded in its second opinion, the reasons for judgment denying the motion for new trial, wherein it stated, "... interest on interest accrued but it was not contracted."