JOHNSON, Judge.
Plaintiff sues via executiva to satisfy an unpaid promissory note secured by mortgage, importing confession of judgment by authentic act, on an immovable. Defendant applied for and obtained a temporary restraining order without bond arresting the sale, coupled with a rule to show cause why a preliminary injunction should not issue. When the rule came on for trial the plaintiff moved for the dismissal of defendant’s application on the ground it did not allege any' of the grounds for injunctive relief without bond, as set forth in Art. 2753, LSA-C.C.P. The district court overruled the exception.
Upon application to us by plaintiff for writs of certiorari, prohibition and mandamus, we ordered the district judge to require a bond from defendant or show cause to the contrary.
It having been made to appear that this alternative order to require the posting of security was not complied with, the matter is now submitted on plaintiff’s application for the relief prayed for in the original petition to this court for the writs.
The record before us discloses that the property covered by the mortgage was owned by Mrs. Rose Marcello individually and while her husband joined in the execution of the note and of the mortgage this suit has been dismissed as to the husband, Louis J. Badalamenti.
In the outset for convenience we quote Articles 2751, 2752 and 2753 of the LSA-Code of Civil Procedure as follows:
“Art. 2751. Grounds for arresting seizure and sale
“The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the mortgage or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.
“Art. 2752. Injunction procedure
“The petition for injunction shall be filed in the court where the executory proceeding is pending, either in the ex-ecutory proceeding or in a separate suit. The injunction proceeding to arrest a seizure and sale shall be governed by the provisions of Articles 3601 through 3609, and 3612, except as provided in Article 2753.
“Art. 2753. Security not required in certain cases
“The original debtor, his surviving spouse in community, heirs, legatees, and legal representative are not required to furnish security for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, when the injunctive relief is applied for solely on one or more of the following grounds :
“(1) The debt secured by the mortgage or privilege is extinguished or prescribed;
“(2) The enforcement of the debt secured by the mortgage or privilege is premature, either because the original term allowed for payment, or any extension thereof granted by the creditor, had not expired at the time of the institution of the executory proceeding;
“(3) The act evidencing the mortgage or privilege is forged, or the debtor’s signature thereto was procured by fraud, violence, or other unlawful means;
“(4) The defendant in the executory proceeding has a liquidated claim to plead in compensation against the debt secured by the mortgage or privilege; or
“(5) The order directing the issuance of the writ of seizure and sale *178 was rendered without sufficient authentic evidence having been submitted to the court, or the evidence submitted was not actually authentic.”
The act of mortgage in question, after reciting the names of the mortgagors, continues as follows: “ * * * which said appearers declared and acknowledged that they are justly and truly indebted unto Harry J. Duvigneaud, Jr. in the full sum of Fifteen Thousand Dollars borrowed money which the said mortgagee has this day loaned and advanced to mortgagors and for the reimbursement thereof the mortgagors have made and subscribed one certain promissory note for the sum of Fifteen Thousand Dollars to the order of Ourselves and endorsed by mortgagors * * * which said note after having been paraphed ne varietur by me, notary, to be herewith identified has been delivered unto mortgagee here present hereby acknowledging the receipt thereof.”
Article (1) of plaintiff’s original petition for executory process alleges in part as follows: “Petitioner is the holder and owner 'for a valuable consideration, before maturity, of a promissory mortgage note executed by Mrs. Rose Marcello, wife of and Louis J. Badalamenti * * * payable to the order of Themselves, in the amount of Fifteen Thousand Dollars * * * which note is paraphed ne varietur for identification with an act of mortgage * * * and passed before Harry R. Cabral, Jr., notary public * * * and two witnesses * * * all of which will more fully appear from the original of said note which is attached hereto and made a part hereof * * * and from the certified copy of the act of mortgage which is also attached hereto and made a part hereof * *
 We note here that while this allegation does not say that the note is endorsed by the makers, the note is actually endorsed by the makers in blank in accordance with the recitation in the act of mortgage. It is well understood that the exhibits control and are paramount over the allegations of a petition with respect to them. The absence here of an allegation in the petition for foreclosure that the note was endorsed by the makers is of no significance whatsoever.
Counsel for defendant cites the case of Li Rocchi v. Keen et al., La.App., 127 So.2d 44, in support of his contention in article 2 of his petition for the injunction and says that subparagraph (5) of Article 2753 of the Code of Civil Procedure requires that the endorsement itself of the mortgage note must be in authentic form. In that case the note was actually endorsed by the makers in blank but the act of mortgage failed to say so. The lower court refused the injunction and the Court of Appeal’s decision cited above reversed the lower court and ordered the injunction issued without bond. The Supreme Court granted writs and reversed the cited decision on November 6, 1961, and reinstated the ruling of the district court refusing the injunction, which latter decision counsel evidently did not know about when he wrote his brief.
Counsel for defendant further alleges in his petition for the injunction that the mortgage contains a stipulation that certain coin-operated machines belonging to mortgagee were to be located and operated on the mortgaged property. Counsel contends that the machines are gambling devices and that such unlawful use of the property would entitle the defendant to the injunction under the provisions of sub-paragraph (3) of Article 2753. Granting the truth of that allegation' such use does not fall within the purview of the exemption provided for in sub-paragraph (3) of that Article.
Article (5) of defendant’s application for the temporary restraining order and injunction is as follows:
“That in the alternative, petitioners allege that should this Honorable Court find that the above cited reasons are *179 not sufficient to arrest the seizure and sale and/or to have plaintiff’s suit dismissed then in such event petitioners aver that when they executed the note herein described, same was given for a loan, on behalf of their son-in-law, Frank J. Busalacchi; that plaintiff, Harry J. Duvigneaud, Jr., was well aware of this fact and was to pay the installments from the funds received from the coin machines hereinabove mentioned, that petitioners were to be advised immediately if at any time the notes were not paid from said machines or by Frank J. Busalacchi, who was operating the business establishment on the premises on which the loan was made; that, all of the sums received from the coin machines contrary to the agreement between petitioners and Harry J. Duvigneaud, Jr. were not applied to the subject note, that several payments were diverted by Harry J. Duvigneaud, Jr. and applied to an open personal promissory note of Frank J. Busalacchi; that the note sued on herein became in default on November 25, 1960, petitioners were not advised thereof until several months later; and, when same was brought to their attention they immediately made arrangements for the payment of the note in full including principal and interest, which was agreed to and accepted by Harry J. Duvigneaud, Jr., however when petitioners attempted .to pay said sum to Harry J. Duvigneaud, Jr. petitioners were advised that unless they paid the personal note of Frank J. Busalacchi he would not accept same; that petitioners refused to pay the note of Frank J. Busalacchi and subsequent thereto Harry J. Duvigneaud, Jr. advised petitioners that unless they paid the said note of Frank J. Busalacchi that he was going to assess 25'% attorney’s fees for the collection of the note described herein and petitioners refused to pay said attorney’s fees as the note had .not been placed in the hands of an attorney for collection at the time that the petitioners offered to pay Harry J. Duvigneaud, Jr. the full note in principal and interest.”
Counsel’s brief contains the argument that this allegation is suggestive of a situation which gives the defendant the right to invoke the provisions of sub-paragraph (4) of said Article 2753 to restrain and enjoin the sale without furnishing security. All the quoted allegation amounts to is that the mortgagee had agreed to apply his own money obtained from his own coin machines to make payments on the mortgage note of defendant, but that the money received by the mortgagee from such machines had not been credited to said note. There is no such provision for payment in the note or in the act of mortgage. The allegation quoted above is not sufficient to serve as the foundation for proving any liquidated debt due by plaintiff, Duvigneaud, Jr., to the defendant to be applied by way of set-off and compensation against the mortgage indebtedness or any part thereof.
For these reasons the rule nisi issued herein made returnable on December 8, 1961, is hereby made absolute. It is ordered, adjudged and decreed that peremptory writ of mandamus issue herein commanding the Honorable C. William Bradley, Judge of the Twenty-ninth District Court for the Parish of St. Charles, Louisiana, to maintain the exception of no right or cause of action filed by plaintiff in suit against the issuance of the temporary restraining order without bond, and upon the failure of Mrs. Rose Marcello to furnish forthwith security for the temporary restraining order in accordance with the provisions of Article 3610 of the Louisiana Code of Civil Procedure the temporary restraining order be recalled and vacated at her cost.
It is further ordered, adjudged and decreed that the defendant, Mrs. Rose Mar-cello, pay the costs of these proceedings.
Rule made absolute and judgment rendered.