Josephine F. Fanelie Bouligny, Widow, v. Pierre Gary et al., Administrator.

No. 654.—JOSEPHINE F. FANELIE BOULIGNY, Widow, *v.* PIERRE GARY et al., Administrator.

A peremptory exception that the petition discloses no ground of action, admits, for the purposes of the trial of the exception, that all the allegations in the petition are true, and no amount of evidence can have any influence in determining the question raised by the exception.

APPEAL from the District Court, Parish of St. Mary. *Gates*, J. R. Perry, for plaintiff and appellant, *Gary & Fournet* and *A. & F. Voorhies*, for defendant and appellee.

LUDELING, C. J.  Désiré Beraud died in 1865, and the administrator of his succession having ascertained that the estate was insolvent, caused a meeting of the creditors to be convoked pursuant to articles 1160, 1161, 1162 and 1163 of the Civil Code. At that meeting the plaintiff appeared and swore that she was a privileged creditor of the estate for the sum of $1200, constituted as her dower by marriage contract with the deceased. And the administrator having caused the property to be advertised for sale upon terms different from those she had indicated at the meeting, she has obtained an injunction to prohibit the sale, on the ground that as a privileged creditor, she has a right to have so much of the effects of the succession sold as may be necessary to satisfy her claim, on such terms as she chooses.

The defendants filed the peremptory exception, "that the petition does not disclose any ground of action, and that the allegations show that the rights of the plaintiff have not been liquidated or settled so as to enable her to vote in the deliberations of creditors."

The exception is in the nature of a demurrer, and admits all the allegations in the petition to be true.

It is difficult to discover wherein the allegations of the petition are defective. The material allegations of the petition are that the estate is insolvent; that she appeared at the meeting of the creditors and indicated, in the manner pointed out by law, upon what terms she desired the property sold; that she has renounced the community which existed between her and her husband; that "she is a privileged and mortgage creditor of said insolvent estate in the sum of twelve hundred dollars, due to her by her deceased husband as dowry, constituted per marriage contract," "for the restoration and payment of which she has a privilege," etc; and that she will be irreparably injured by the sale.

On the trial of the exception the defendant offered copies of the inventory and of the marriage contract. This was irregular. The exception judicially admits the truth of the allegations of the petition for the purpose of the trial of the exception, and no amount of *evidence* could CHANGE *the allegations which are made in the petition*, and which are admitted to be true. The evidence adduced should have no influence in determining the question raised by the exception. 4 N. S.

Shelmerdine *v.* Duffy; 13 An. 179; Hiestand *v.* New Orleans; 14 An. 138. The exception should have been overruled.

It is therefore ordered, that the judgment of the District Court be avoided and reversed, and that the case be remanded to the District Court to be proceeded with according to law.