### (93 South. 917)

### No. 25455.

### BRIGGS v. AIKEN et al.

### In re BARNES et al.

### (Oct. 30, 1922.)

*(Syllabus by the Court.)*

1. Courts ⟨⟩50—Order of Supreme Court does not require transfer of jury cases to particular division of court, until case ready for trial on the merits.

The order of the Supreme Court directing that all jury cases in the civil district court for the parish of Orleans, when placed "at issue," shall be transferred to one certain division thereof until the final hearing and determination of same, meant only to confine all jury trials to one division of the court; and hence the term "at issue," was not used in any refined technical sense, but meant only when the case was ready for trial on the merits before the jury. Until thus ready for trial, the other divisions of the court are to retain their jurisdiction over the case.

*(Additional Syllabus by Editorial Staff.)*

2. Jury ⟨⟩12(5)—Plea of no cause of action triable summarily without a jury.

A plea of no cause of action, when filed in limine, is meant as an exception and not as an answer, and is triable in a summary manner and without the intervention of a jury, under Code Prac. arts. 756, 757.

Suit by Mrs. Lillian C. Briggs against Mrs. Ada Holcombe Aiken and others. An application to transfer the cause to another division of the court was denied, and the defendants Alfred M. Barnes and another apply for writs of certiorari and prohibition. Preliminary writ recalled.

Warren V. Miller, of New Orleans, for relators.

Olivier S. Livaudais and Frank W. Hart, both of New Orleans, for respondent Briggs.

By the WHOLE COURT.

ST. PAUL, J. On November 4, 1921, this court rendered an order reading as follows:

"It is further ordered by the court that all of the jury cases now pending in the civil district court for the parish of Orleans, be transferred from the various divisions before which they are now pending, to Division G of the civil district court, presided over by the Hon. Columbus Reid; and it is ordered that the said Judge Reid of Division G proceed with the trial of these jury cases and all others that may be filed and placed at issue, until the final hearing and determination of the same, and until the further order of this court."

Subsequently thereto this suit was filed, in which plaintiff prayed for trial by jury. Whereupon relators (defendants) filed exception of no cause of action and asked Judge Rogers of Division E (to whom the case had been allotted) to transfer the case at once to Judge Reid, as having thereby been placed at issue. And upon his refusal to do so, they applied to this court for writ of prohibition and certiorari.

### I.

[2] Pretermitting the question whether or not every plea of no cause of action places a case at issue (C. P. art. 330), it is nevertheless clear that when filed in limine, such plea is meant as an exception and not as an answer, and is then triable in a summary manner and without the intervention of a jury (C. P. art. 756, 757).

### II.

[1] Considering that this court meant by the rule aforesaid, not to interfere with the

ordinary procedure of the civil district court, but merely to expedite the business of that court by confining jury trials to one division thereof, such rule must be read in the light of the foregoing; and accordingly the rule means no more than this, that when a trial by jury is prayed for and the case is ready for trial on the merits before the jury, it shall then be transferred to the division presided over by Judge Reid for further proceedings in due course; simply that and nothing else was meant by the term "at issue."

### Decree.

It is therefore ordered that the preliminary writ herein issued be recalled.