BRUNOT, J.
 

 The plaintiff is a planting company. It is composed of three partners. The suit is for damages for the loss of plaintiff’s crops on two tracts of land which, it is alleged, were destroyed by the fault and negligence of the defendant.
 

 An exception to the jurisdiction of the court was filed, heard, and overruled. Oyer of the title to the land Was prayed for. In response to the court’s order, plaintiff produced a title in the name of one of the partners. Exceptions of no right and ño cause of action were then filed. The exception of no cause of action was heard and maintained, and the suit was dismissed. The appeal is from that judgment.
 

 The theory of the appellee is that the title produced by the plaintiff, in response to the order of court, must be considered in passing upon the exception of no cause of action, and, as that document shows that the title to tlhe land is not in the plaintiff, the judgment maintaining the exception is correct and should be affirmed. The only authority cited by appellee, in support of its theory, is articles 465 and 505, Rev. Civ. Oode. The pertinent parts of the cited articles are as follows: “Standing crops * * * are considered as part of the land to which they are attached,” and: “The ownership of the soil carries with it the ownership of all that is directly above and under it.” It is clear that the cited articles are not relevant to the issue as to whether or not a court, in passing upon an exception of no cause of action, may consider a document not referred to in the petition, and
 
 *572
 
 not necessarily incidental to any fact alleged therein.
 

 The appellant contend® that the exception of no cause of action must be disposed of upon the face of the plaintiff’s pleadings, and, as the only issue in the suit is damage to growing crops, the facts alleged in the petition may be established by proof, when the case is heard on the merits, irrespective of whether or not the plaintiff has title to the land.
 

 With respect to the possession, ownership, and destruction of the crops, it is alleged in the petition that, in 1923, the plaintiff planted and cultivated cotton, corn, alfalfa hay, and velvet beans upon tracts 25 and 26 of Belle Helene plantation, in Ascension parish, La.; that it actually expended $9,000 in planting and cultivating said crops; and that the said crops were totally destroyed by reason of defendant’s breach of a verbal contract with plaintiff.
 

 It is not necessary to summarize the other paragraphs of 'the lengthy petition. It is sufficient to say that it discloses a right and cause of action. Plaintiff does not allege title to tracts 25 and 26 of Belle Helene plantation, but in several paragraphs of the petition the plaintiff refers to those tracts as “its tracts.” It is evident that plaintiff’s reference to the lands as “its tracts” prompted the defendant’s prayer for oyer of the title to the land, and led to the filing of defendant’s exceptions of no right and no cause of action. It is also evident that both of these exceptions are predicated solely upon the showing, dehors the petition, that title to the land is not in the plaintiff.
 

 The invariable rule is that the exception of no cause of action admits the truth of all well-pleaded facts, and it must be determined by the averments of the petition, construed with the recitals of accompanying documents which are thereto annexed and made a part thereof.
 

 This exception raises an issue of law only, and its sole purpose is to test the legal sufficiency of the facts pleaded. In this ease no document is referred to in the petition. Therefore the court is not presently concerned with, or warranted in considering, any fact riot alleged or any matter not pleaded.
 

 Defendant’s contention that standing crops are a part of the land to which they are attached, and belong to the owner of the land, is fundamentally unsound. It assumes, as its predicate, that growing crops are immovables, an assumption that is its own refutation.
 

 For the reasons stated, it is decreed that the judgment appealed from be avoided; that defendant’s exception of no cause of action be overruled; that this "case be remanded to be proceeded with according to law; and that appellee pay the costs of this appeal.
 

 O’NIELL, O. J., concurs in the decree.