FOURNET, Justice.
 

 Plaintiff instituted this suit against the Marine Engineers Benevolent Association No. 12, its officers and members, and Walter W. Wright, its attorney, to recover damages in the sum of $16,480 for alleged libel and slander and for loss of employment.
 

 Defendants filed exceptions of (1) vagueness; (2) misjoinder and nonjoinder of parties defendant; (3) no right or cause of action; and (4) prescription of one year.
 

 The lower court maintained the exceptions of no right or cause of action and dismissed plaintiff’s suit. The plaintiff has appealed.
 

 The gist of plaintiff’s petition, eliminating the extraneous allegations, is that plaintiff was expelled from the defendant association through the fraud, collusion, and conspiracy of its officers and its attorney; that there is no authority for such action on their part; that libelous matter, reflecting on the character of plaintiff, was published in “The American Engineer,” a copy of which, although allegedly attached to the petition, apparently has not been annexed as we do not find it in the record; that on the trial of his case to be reinstated in the defendant association, in the district court and on appeal in the Supreme Court, defendants, through their counsel, libeled and slandered plaintiff by accusing him of having “surreptitiously” obtained the list of the membership of the defendant association and of “coming into court with unclean hands.” The plaintiff also alleges that he lost his position with the Dock
 
 *303
 
 Board through misrepresentations and appeals made by the defendant association to the Governor of this state, and as a result thereof he has been without employment since January, 1931.
 

 In plaintiff’s suit for reinstatement in the defendant association, entitled Elfer v. Marine Engineers Beneficial Ass’n No. 12 et al., 179 La. 383, 390, 154 So. 32, 34, this court said:
 

 “We are satisfied from our examination of the record that the proceedings leading up to plaintiff’s expulsion from the defendant association were regular and in strict conformity to the constitution and by-laws of the organization.”
 

 This holding necessarily disposes of plaintiff’s complaint in this case that he was illegally and improperly expelled from the defendant association.
 

 The word “súrreptitious” and the phrase “unclean hands” are not libelous per se and will not support an action for damages when used as alleged in the case at bar.
 

 The allegation that plaintiff lost his employment through misrepresentations and appeals made by the defendant association is a mere conclusion. But in any event, if a right or cause of action were set forth in plaintiff’s petition, the claim for loss of employment would be barred by the prescription of one year.
 

 For the reasons assigned, the judgment of the lower court is affirmed.
 

 O’NIELL, C. J., absent.