Plaintiff brought this suit against the Marine Engineers Benevolent Association No. 12, its officers and members, seeking the recovery of damages in the sum of $24,580 for alleged loss of wages, libel and slander and for humiliation, grief and worry, mental pain and illness.
Defendants interposed exceptions of, (1) vagueness, (2) res judicata, and (3) no right or cause of action.
The lower court sustained the exceptions of res judicata and of no right or cause of action and dismissed plaintiff's suit. From this judgment plaintiff has appealed.
Plaintiff alleged in substance that he was expelled from the defendant association through unlawful and malicious acts of the defendants; that his trial was based on fraudulent charges, was unfairly and dishonestly conducted, and that only a small percentage of the membership participated; that he was "discriminated against" through the circulation by defendants of slanderous and libelous reports; that his expulsion has deprived him of his union card and, as a result thereof, he has been without employment since that time, a situation which "reduces him to a condition of servitude violative of the Thirteenth Amendment of the United States of America's Constitution".
This is the third suit that plaintiff has instituted against these defendants during the course of almost ten years.
In the first suit, entitled "Numa C. Elfer v. Marine Engineers Beneficial Association No. 12 et al.," reported in 179 La. 383,154 So. 32, 34, decided March 26, 1934, plaintiff sought reinstatement in the defendant association and to enjoin the defendants from interfering with him as such member. Therein he alleged his explusion from the defendant association, the alleged fraudulent causes therefor, and which, he averred constituted an invasion of his property rights, more particularly social facilities of the club and sick and funeral benefits in the association. After a most exhaustive discussion of the law governing disputes arising in voluntary associations, the Supreme Court said:
"It is also a well-settled rule of law that the courts will not entertain jurisdiction of the complaint of an expelled member where the proceedings for his expulsion were conducted under the rules of the association and he was given fair notice and an opportunity to be heard.
"We are satisfied from our examination of the record that the proceedings leading up to plaintiff's expulsion from the defendant association were regular and in strict conformity to the constitution and by-laws of the organization."
The Supreme Court also said:
"A voluntary unincorporated association has the power to suspend or expel its members for legal cause and to determine after due hearing whether the cause alleged for suspension or expulsion has been established, or to determine after due hearing whether the cause alleged is a legal cause and not one in contravention of the laws of the land. Irwin v. Lorio, supra [169 La. 1090, 126 So. 669].
"Where the proceedings of such an association have been fairly conducted in accordance with its rules, the courts will assume in the first instance that the acts charged constitute sufficient cause for expulsion within the meaning of its laws. We find nothing in the record at variance with such an assumption."
Plaintiff again brought suit against these same defendants wherein he sought to recover damages in the sum of $16,480 for libel and slander and for loss of employment. Numa C. Elfer v. Marine Engineers Benevolent Association No. 12 et al.,185 La. 300, 169 So. 346, 347, decided June 30, 1936. Plaintiff's demand was founded on his fraudulent expulsion from the defendant association, the circulation of slanderous and libelous matter reflecting on his character, the loss of and his inability to obtain employment as a result of his expulsion.
The Supreme Court in that instance reviewed its holding in the first case, supra, stating: "This holding necessarily disposes of plaintiff's complaint in this case that he was illegally and improperly expelled from the defendant association."
Accordingly, it affirmed the judgment of the lower court sustaining the exception of *Page 411 
no right or cause of action and dismissed plaintiff's suit. The Supreme Court, in concluding its opinion, said: "But in any event, if a right or cause of action were set forth in plaintiff's petition, the claim for loss of employment would be barred by the prescription of one year."
In the case at bar we have presented to us a suit involving the identical parties and founded upon the same issues and cause of action as were presented in the first and second cases, supra. In the first case, though it did not involve a demand for damages, plaintiff therein sought to compel the defendant to reinstate him as a member, his complaint being predicated upon his alleged fraudulent expulsion with a resulting invasion of his property rights in the association. As stated, the Supreme Court found the proceedings of expulsion in conformity with the constitution and laws of the organization and dismissed plaintiff's suit.
In the case at bar, necessarily any basis for damages of any nature as is now claimed would result from the fact that plaintiff was illegally expelled. A reading of the petition affirmatively shows that plaintiff's claim for damages is founded on his alleged illegal expulsion. A fortiori, his expulsion having been judicially declared proper and legal, his present demand must necessarily fall, and all rights between the parties flowing from such a legal act must be held to be things adjudged.
Plaintiff contends, however, that the present cause of action is based on the contract of membership between him and defendant, the breach of which, and the resulting loss of wages, constitutes an invasion of his property rights. This contention was answered in the first Elfer case, supra, wherein the Supreme Court said: "No invasion of plaintiff's property rights resulted from his expulsion. Plaintiff merely enjoyed the privilege of membership, with only a right to the joint use and enjoyment of the association's property and funds so long as he continued to be a member. Plaintiff's interest in the association's property and funds ceased when he was expelled in the same way as it would have ceased had he terminated his membership by his own act or omission. See 5 Corpus Juris, `Associations', §§ 86 and 87, pp. 1359 and 1360."
The second Elfer case, supra, involved the same parties and presented a demand for damages as a result of the identical charges of expulsion, loss of employment, libel and slander as is here presented, though for a lesser amount. As stated, the only distinguishing feature between the present case and the preceding one is the amount sought to be recovered. Undoubtedly the difference is accounted for by a claim for additional loss of wages, as alleged. As stated, there the court, in affirming a dismissal of plaintiff's suit, disposed of plaintiff's claims based on improper and illegal expulsion, as is now presented to us.
Article 539 of the Code of Practice provides: "Definitive or final judgments are such as decide all the points in controversy, between the parties. Definitive judgments are such as have the force of res judicata."
It necessarily follows that plaintiff's claim must fall.
For the reasons given, the judgment of the lower court is affirmed at appellant's cost.
Affirmed.
JANVIER, J., takes no part.