REID, Judge
Plaintiffs-appellants Harry L. Keen Jr., and Mrs. Nena S. Keen, born Summers, brought this suit for damages against Dr. Theodore A. LiRocchi and Sam Culotta alleging the defendants were indebted to them in .the sum of $120,000.00 as a result of an alleged unlawful and intentionally malicious foreclosure seizure in suits Nos. 77037, 77038 and 77039, on the docket of the 19th Judicial District Court, Parish of East Baton Rouge. They asked for and obtained a trial by jury upon furnishing bond as required by law. The defendants-appel-lees first filed a motion for security for costs which the Trial Court denied. They then filed dilatory exceptions of vagueness and non-joinder of necessary parties which exceptions were overruled. Defendants-ap-pellees then filed peremptory exceptions of res judicata and no right of action which were also overruled. The defendants-ap-pellees then filed a peremptory exception of no cause of action based on the ground that the entire proceedings in the three foreclosure suits Nos. 77037, 77038 and 77039 made a part of plaintiffs’ petition by reference show that the seizures described in plaintiffs’ petition were upheld as valid and legal by final judgment of the Supreme Court.
Plaintiffs-appellants then filed a motion for a rule to show cause why the exception *136 of no cause of action should not he tried by a civil jury of twelve persons. The Trial Court overruled plaintiffs’ motion for jury trial and also by a separate judgment sustained the exceptions of no cause of action. From these two judgments the plaintiffs-appellants have appealed.
Plaintiffs-appellants specify the following alleged errors which they are relying upon for reversal in the decision of this case:
“1.
“The trial judge erred in sustaining the peremptory exception of no cause of action and in finding that plaintiffs’ pleadings stated no cause of action.
“2.
“The trial judge erred in failing to find that the peremptory exception of no cause of action filed by defendants May 2, 1962 raised questions of fad, triable at the election and option of plaintiffs-appellants before either a twelve man civil jury or the judge alone.
“3.
“The trial judge erred in refusing plaintiffs’ motion to impanel a civil jury to decide whether the peremptory exception of no cause of action should be maintained or overruled.”
In order to better understand the case we will state the background of same. On August 4, 1959 Harry L. Keen Jr., Jack H. Keen and Mrs. Nena Summers Keen signed and executed three mortgage notes totalling $50,000.00 payable to the order of “ourselves” and endorsed in blank by the makers, which notes were paraphed “ne varietur” for identification with authentic acts of mortgage duly recorded, covering certain tracts of land in East Baton Rouge Parish. These acts of mortgage contained confessions of judgment, specifically authorized seizure and sale under executory process and the mortgagee acknowledged receipt of same. When the makers failed to pay some of the installments on the notes the defendants-appellees herein, Mr. Theodore A. LiRocchi and Sam Culotta, the original and only holders of the notes filed separate suits on each note for foreclosure by executory process, and these suits were numbered 77037, 77038 and 77039 on the docket of the 19th Judicial District Court, Parish of East Baton Rouge. The makers of the notes obtained a temporary restraining order prohibiting advertising and sale of the property under seizure. The Trial Court later dissolved the temporary restraining order and refused to grant a preliminary injunction against the sale of the property. The makers of the notes applied to this Court for writs of certiorari, prohibition and mandamus to order the Trial Court to issue a preliminary injunction enjoining the execution of the orders of seizure and sale in said suits. The Court of Appeal granted the writs and refused a rehearing. (127 So.2d 44; 127 So.2d 47). The defendants-appellees in said suits, Dr. LiRocchi and Mr. Culotta applied to the Supreme Court of Louisiana for writs of certiorari which were granted. The Supreme Court annulled and set aside the judgments of the Court of Appeal and affirmed the judgments of the District Court and denied a rehearing. (242 La. 111, 134 So.2d 893).
Shortly after the decision of the Court of Appeal and before the writs of certiorari to the Louisiana Supreme Court had been granted the plaintiffs-appellants herein, Harry L. Keen Jr., and Mrs. Nena S. Keen filed this suit.
We will now take up in order the three specifications of errors:
The first specification is that the Trial Judge erred in sustaining the exception of no cause of action. The appellants argue that the Trial Judge was inconsistent in sustaining the exception of no cause of action after overruling the exception of res judicata and no right of action. They argue that the exceptions were based upon the same ground and that having overruled *137 the previous exceptions the Trial Court should have overruled the exception of no cause of action. They further argue that if the Court was going to maintain the exception of no cause of action the suit should have been dismissed without prejudice and the Court was in error in dismissing the suit with prejudice. We find no merit in these arguments. The jurisprudence of our State defines the difference between exceptions of no right of action and no cause of action:
In Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257, at 258-259 (1954) the Louisiana Supreme Court said:
“Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain his suit, i. e., his capacity to sue or his interest in the subject matter of the proceeding, whereas an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto.”
In Leteff v. Maryland Casualty Co., 82 So.2d 80 at 83 (La.App. 1st Cir., 1955) this Court made the same distinction:
“ * * * The exception of ‘no right of action’ is properly speaking the exception of ‘want of interest’ and addresses itself to the person or capacity of the plaintiff instituting suit; it is the exception of no cause of action which raises the question of whether any one at all in the shoes of the plaintiff could institute suit.”
This Court had previously distinguished the exception of no right of action from the exception of no cause of action in Lunkin v. Triangle Farms, 24 So.2d 213, at 215 (La.App. 1st Cir., 1945) saying:
“The exception of no right of action strikes at the very foundation of the suit, that is, the right of the plaintiff to maintain the action even though the petition sets forth a cause and, in support of this exception, the defendant has the right to introduce evidence even before the trial of the case on the merits.”
In regard to the term res judicata, it is defined in Black’s Law Dictionary, page 1470 (4th Ed. 1957) as follows:
“Res Judicata: A matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment. A phrase of the civil law constantly quoted in the books. Rule that final judgment or decree on merits by court of competent jurisdiction is conclusive of rights of parties or their privies in all later suits on points and matters determined in former suit. And to be applicable, requires identity in thing sued for as well as identity of cause of action, or persons and parties to action, and of quality in persons for or against whom claim is made. The sum and substance of the whole rule is that a matter once judicially decided is finally decided.” (Citations omitted)
Applying the law to the admitted facts in this case the sustaining of the exception of no cause of action was proper. Plaintiffs-appellants base their suit for damages on the allegations in paragraph 3 and 4 of the original petition that the seizure of the mortgages described in the three suits, 77037, 77038 and 77039 were illegal, unlawful and intentionally malicious on the part of the defendants-appellees. This allegation is a conclusion of law and the petition does not allege any facts which are the basis of this conclusion. It is true that well pleaded allegations of the petition may be taken as true for the purposes of ruling on exceptions of no cause of action. However, conclusions of law alleged in petitions are not accepted as true. In Hemenway Furniture Co. v. Juneau, 142 So. 383 (La.App.2d Cir., 1932) is quoted:
“Allegations of a petition for the purpose of trying an exception of no cause of action are taken as true only in so far as it alleges facts. Allega *138 tions of conclusions of law which are incorrect, are not taken as true/ (Emphasis supplied)
Plaintiffs-appellants annex and make part of their original petition the entire proceedings in these three suits and particularly the judgment of this Court. However, the judgment of this Court was later reversed by the Supreme Court and the entire proceedings in this suit would therefore contain the judgment of the Supreme Court. Since the Supreme Court has decided these seizures were legal and are now part of the record the exception of no cause of action was properly sustained. The Supreme Court of Louisiana has held:
"The invariable rule is that the exception of no cause of action admits ■the truth of all well-pleaded facts, and .it must be determined by the averments of the petition, construed with the recitals of accompanying documents which are thereto annexed and made part thereof.” Louisiana Farms Co. v. Yazoo & M. V. R. R. Co., 172 La. 569, 134 So. 747 (1931). See also Weber v. H. G. Hill Stores, 210 La. 977, 29 So.2d 33.
We think the case of Elfer v. Marine Engineers Benevolent Association No. 12, 185 La. 300, 169 So. 346 (1936) is decisive. In that case the plaintiff was expelled from the defendant association and filed a suit for reinstatement. The Supreme Court, 179 La. 383, 154 So. 32, upheld the expulsion as being regular and refused to order the association to reinstate plaintiff. Plaintiff then brought suit for damages on his complaint he was illegally and improperly expelled from the association. Exceptions of no cause of action were filed and sustained by the Lower Court and affirmed by the Supreme Court. Here, the gravamen of plaintiffs’ complaint is the alleged illegal seizure. The Supreme Court by final judgment sustained the validity of such seizures, thereby precluding the possibility of plaintiffs in this suit or any other suit alleging a cause of action predicated on the illegality of such seizures.
Appellants argue in their brief without citing any authorities whatsoever that the dismissal of an action on the ground that it states no cause of action must be a dismissal without prejudice rather than with prejudice. We know of no law to this effect.
The Supreme Court of Louisiana in the syllabus in the case of Laenger v. Laenger, 138 La. 532, 70 So. 501, held as follows:
“A judgment, sustaining an exception of no cause of action on the technical ground that the plaintiff omitted a necessary allegation, is, in effect, a judgment of nonsuit, and does not prevent the plaintiff’s renewing his demand on sufficient allegations. On the other hand, a judgment, sustaining an exception of no right of action attacking the merits of the plaintiff’s demand, assuming that his case is stated completely in his petition, and denying that the law affords the relief prayed for, is as conclusive of the issues presented as if the judgment had been rendered after an answer was filed and evidence heard.” See also Schexnayder v. Unity Industrial Life Insurance Co., 174 So. 154 (La.App. 1st Cir., 1937); Bruton v. Traders & General Insurance Co., 111 So.2d 816 (La.App. Orleans Circuit 1959).
The second specification of errors is that the exception of no cause of action filed by the defendants-appellees on May 2, 1962 raised questions of facts triable in the election and option of plaintiffs-appellants before either a twelve man civil jury or the Judge alone. They relied on Article 7, Section 41 of the LSA-Constitution of 1921 and Article 1731 et sequa of the LSA-Code of Civil Procedure. Article 7, Section 41 of the Constitution of the State of Louisiana of 1921 reads in part as follows:
“The Legislature shall provide for the election and drawing of competent *139 and intelligent jurors for the trial of civil and criminal cases; * * * ”
This Section is merely a provision for the Legislature to provide for jury trial but does not specify when or how jury trials shall be available.
Article 1731 LSA-C.C.P. reads as follows:
“Except as limited by Article 1733, the right of trial by jury is recognized.
“The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.’'
Article 1733 LSA-C.C.P. provides:
“A trial by jury shall not be available in: * * * (3) A summary * * * proceeding
Article 2592 LSA-C.C.P. provides:
“Summary proceedings may be used for the trial or disposition of the following matters only; * * * (3) An issue which may be raised properly by an exception * *
The Supreme' Court passed on this question in the case of Briggs v. Aiken, 152 La. 607, 93 So. 917 (1923) and held as follows:
“Pretermitting the question whether or not every plea of no cause of action places a case at issue (C.P. Art. 330), it is nevertheless clear that when filed in limine, such plea is meant as an exception and not as an answer, and is then triable in a summary manner and without the intervention of a jury. (C.P. Arts. 756, 757).” (Emphasis supplied).
The very nature of an exception of no cause of action raises issues of law. Art. 923 of LSA-C.C.P. reads in part:
“The function of the peremptory exception is to have the plaintiff’s action declared legally nonexistent or barred by effect of law, and hence this exception tends to dismiss or defeat the action.”
“This exception raises an issue of law only, and its sole purpose is to test the legal sufficiency of the facts pleaded.” Louisiana Farms Co. v. Yazoo & M. V. R. R. Co., 172 La. 569, 134 So. 747 (1931)
The third error specified, namely, the Trial Judge erred in refusing the plaintiffs-appellants motion to impanel a civil jury to decide whether the peremptory exceptions of no cause of action should be maintained or overruled is without merit in view of our findings herein that exceptions of no cause of action are not triable by a civil jury.
In conclusion the plaintiffs-appellants argue that the Supreme Court in its opinion in the three suits, 242 La. 111, 134 So.2d 893 (1961) based its decision upon alleged concessions made in an oral argument and not upon the facts existing at the time the foreclosure suits were instituted. They further contend that the Supreme Court’s decision made legal an illegal seizure and that the seizure was illegal from the time the order of seizure and sale was issued until the Supreme Court judgment became final after a denial of a rehearing. Both of these arguments are untenable.
While the Court in this opinion, did find that the defendants-appellees conceded that the plaintiffs-appellants were the first holders of the notes under consideration, that the notes were endorsed in blank and that Norma Abbott is mentioned in body of the acts of mortgage was plaintiffs-appellants representative they base their decision on the case, Barker, to Use of Atchafalaya Bank v. Banks, 15 La. 453.
The other contention that the seizure was illegal until the Supreme Court judgment became final is without merit. The decision of the Court of Appeal did not become executory because timely applications were made for writs of certiorari to the Louisiana Supreme Court. Article 7, *140 Section 11, Constitution of the State of Louisiana reads in part:
“ * * * [T]he judgment of the Court of Appeal shall not become ex-ecutory until the expiration of thirty days; or, in cases in which application is made for the writ of review, or other writs, until the decision of the Supreme Court upon the application shall have become final.”
Defendants-appellees having timely applied for a writ to the Supreme Court and it having been granted the judgment of the Court of Appeal was not final and executory until the Supreme Court acted upon it and its judgment became final.
For the foregoing reasons we are of the opinion that the judgment of the Lower Court is correct and should be affirmed.
Affirmed.