ELLIS, Judge.
This is an appeal by Gulf South Products, Inc., d/b/a Modern Rendering Company, from a judgment enjoining it from operating a rendering plant in or near the Satsuma community, particularly on the site now occupied by its rendering plant, and awarding damages to the plaintiffs— ninety in number — for injury suffered by them as a result of the operation of the plant. Plaintiffs’ suit was dismissed as to certain other defendants, and, since plaintiffs have neither appealed nor answered this appeal, the judgment is final as to them.
Plaintiffs’ testimony is to the effect that, from the time it began operation in 1967, defendant’s rendering plant emitted odors of such a sickening nature as to make it almost impossible to reside in its vicinity. Witnesses testified to the odor causing loss of sleep and nausea, and permeating their clothing. Some of those who testified lived over a half mile from the plant.
Other witnesses, testifying for the defendant, and who lived in the same neighborhood as the plaintiffs, testified that they were not disturbed by the odor, and hardly noticed it.
Defendant also offered testimony, which is uncontradicted, that his operation is clean and sanitary, and conducted in accordance with the requirements of state and federal health authorities. One witness, an expert in the field of air pollution, who examined the rendering plant, testified that the odor carrying emissions from the plant were not sufficient in strength or volume to cause any appreciable problem.
The district judge found that the odor was of sufficient intensity to warrant a finding that the plant operation was a nuisance. This finding of fact is attacked by the defendant, but, after a careful examination of the record, we are unable to say that it is manifestly erroneous. We further find that defendant’s plant was operated in accordance with acceptable standards of health and sanitation. We also note from the record that there exists equipment which, if installed at defendant’s plant, might completely alleviate the condition complained of.
The applicable law is found in Articles 666-669 of the Civil Code. Article 667 provides as follows:
“Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.”
Article 669 provides as follows:
“If the works or materials for any manu-factory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place.”
In applying these articles, the Supreme Court, in Borgnemouth Realty Co. v. Gulf Soap Corporation, 212 La. 57, 31 So.2d 488 (1947) said:
“ ‘It is the universally accepted rule of law that ‘The owner of property has a right to conduct thereon any lawful business not per se a nuisance, as long as the business is so conducted that it will not unreasonably inconvenience a neighbor in the reasonable enjoyment of his property. But every business, however lawful, must be conducted with due regard to the rights of others, and no one has a right to erect and maintain a nuisance to *666 the injury of his neighbor even in the pursuit of a lawful trade, or to conduct a business on his own land in such a way as will be injurious or offensive to those residing in the vicinity.’

“The business of rendering oils, fats, and other substances of kindred character from animal matter is an indispensable business for the manufacture of soap, so important to the maintenance of the hygiene and comforts of life, and to the manufacture of other products that are otherwise vital to our civilization. Such a business is neither prohibited nor regulated by an ordinance of the Police Jury of St. Bernard Parish and there is no state statute touching on the matter, unless the plant is operated in such a manner as to bring it within the hygienic and sanitary statutes of the state.
“The evidence does show that because of the condition of the plant and the method of its operation nauseous and offensive odors have been emitted from it, causing much discomfort to those residing in the neighborhood and unreasonably inconveniencing them in the reasonable enjoyment of their property, thus constituting a nuisance, and the plaintiffs are therefore entitled (1) to have the same abated, Tucker v. Vicksburg, S. & P. R. Co., 125 La. 689, 51 So. 689; McGee v. Yazoo & M. V. R. Co., 206 La. 121, 19 So.2d 21, and (2) for such damages as are suffered by them up to the time of such abatement. See the Devoke [Devoke et al. v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816] and McGee cases.”
A rendering plant is not, however, a nuisance per se, and therefore subject to abatement upon proof of its existence. It can be, as in this case, a nuisance in fact, and its operation enjoined upon proof thereof. The objection is not to the operation of the plant itself, but rather to the manner in which it is operated.
Therefore, the injunction issued herein must be modified so as to enjoin defendant from operating its rendering plant in its present manner, since it constitutes a nuisance because of the objectionable odors emitted. If the existing condition can be corrected by the purchase and installation of additional equipment, and the plant can be operated without the emission of such odors, defendant would not then be in violation of the injunction issued herein.
Defendant also complains about the award of damages made herein. Three of the plaintiffs were awarded $500.00 each, and the remainder were awarded $100.00 each. In the Borgnemouth Realty case, supra, the court said:
“Under the express provisions of Paragraph 3 of Article 1934 of the Revised Civil Code the trial judge is vested with discretion in the assessment of damages where no specific or exact computation of damages can be made, particularly where the injured party has been deprived of some convenience or other legal gratification, and the award of the trial judge in such a case will not be disturbed unless excessive or unsupported by the evidence.”
We find the record supports the awards made herein.
The judgment appealed from is amended so as to enjoin defendant Gulf South Products, Inc., d/b/a Modern Rendering Company, from operating its rendering plant in the present manner which constitutes a nuisance by reason of the emission of objectionable odors. In all other respects, the judgment is affirmed, at defendant’s cost.
Amended and affirmed.