SAMUEL, Judge.
This suit is based on an alleged contract to sell and purchase certain immovable property located at 1224 Second Street in the City of New Orleans. There are two plaintiffs in the one petition filed, William H. Rebman, the person who signed that contract as purchaser, and Gertrude Gardner, Inc. (hereinafter referred to as Gardner), a corporation engaged in the real estate brokerage business. The defendant, C. Espy Reed, is the owner of the property involved. Rebman seeks damages ($10,000) and an attorney’s fee ($3,333) and Gardner seeks a commission ($6,000) and an attorney’s fee ($2,000) in accordance with the contract and a listing agreement between Gardner and the defendant.
The defendant filed an exception of no cause of action to the petition. After a hearing thereon, there was judgment maintaining the exception and dismissing the suit. Plaintiffs have appealed.
Accepting the factual allegations of the petition and the factual contents of documents attached thereto as true for the purpose of disposing of the exception, in pertinent part we find those allegations and documents show the following:
On July 11, 1970 defendant listed the property with Gardner. The attached copy of that listing agreement provides it is for a six month period during which Gardner has the sole and exclusive right to sell the property for $129,000 cash, obligates the defendant to pay the commission and authorizes Gardner to accept a non-interest bearing deposit of 10% of the sale price.
On September 20, 1970 Rebman, through Gardner, made a written offer to purchase the property. That offer was accepted by Gardner on behalf of the defendant. The attached copy of the offer shows it was for $100,000; was conditioned upon the ability of the purchaser to borrow upon the property as security the sum of $55,000 by mortgage loan or loans at a rate of interest not to exceed 8J4% per annum with interest and principal payable on or before 25 years in equal monthly installments; called for a deposit of 10% of the purchase price in the form of $5,000 cash and a $5,000 demand note; in the event of a breach by the seller, gave the purchaser, at his option, the right to demand either the return of his deposit in full plus an equal amount to be paid as penalty by the seller or specific performance; and obligated either party who failed to comply with its terms to pay the 6% agent’s commission and all reasonable attorney fees and costs. The offer was signed by Rebman. Defendant’s signature does not appear on the document. The offer was accepted and signed by Gardner as follows: “Gertrude Gardner (acting as agent for Seller as per Telephone conversation)”.
On September 21, 1970 the financing conditions included in the offer were met as shown by an attached copy of a Security Homestead Association letter addressed to Rebman which refers to the 1224 Second Street property. The letter reads:
“With regard to the purchase of the above property, please be advised that Security Homestead Association will lend you $55,000 for a period of twenty-five years and with interest at 8)4% per annum, subject to title and survey being acceptable to our Attorney.”
Subsequently Gardner received a letter from the defendant concerning the offer. The attached copy of that letter, dated September 22, 1970 and apparently written in Destin, Florida, reads:
“I authorize you to accept the offer on my house at 1224 Second Street, New Orleans, La., in the amount of $100,000.- *852 00 all cash to me, no draperies, rugs, washing machine or dryer to be included in the sale.
C. Espy Reed”.
In this court plaintiffs concede Gardner was without authority to accept Rebman’s offer when the attempt was made to do so on September 21, 1970 and, accordingly, that no valid contract to sell and purchase was entered into at that time.[1] However, plaintiffs contend defendant’s letter of September 22, the date following Gardner’s attempted acceptance of the offer, effectively ratified that acceptance.[2] Plaintiffs further concede that if the September 22 letter does not ratify Gardner’s acceptance of the offer, plaintiffs have no cause of action against the defendant. Our conclusion is that there was no such ratification.
Under LSA-C.C. Arts. 2997 and 3010 the power to sell or buy must be express and special and the attorney in fact cannot go beyond the limits of his procurement. Here the defendant’s September 22 letter did not authorize a conditional acceptance; it authorized only acceptance of an offer in the amount of $100,000 “all cash to me”. Rebman’s offer was not a cash offer; it was subject to the suspensive condition of Rebman being able to obtain the homestead loan, a condition negated by the authorization requiring a cash transaction. Nor do we feel, as plaintiffs argue, that this variance from the authorization was cured by the commitment evidenced by the Security Homestead letter. There are practical differences between an unconditional cash offer and one subject to the suspensive condition of obtaining a loan through a homestead. The purchase price might not be obtained by the buyer even after the commitment. Further, whatever may have been his reasons therefor, defendant certainly had the right to agree only to an unconditional transaction.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Sales of immovable property must be in writing and this is also true of contracts to sell and purchase immovable property and powers of attorney to make such contracts. LSA-C.C. Arts. 2275, 2440 and 2997; Turner v. Snype, 162 La. 117, 110 So. 109; Krupp v. Nelson, La.App., 50 So.2d 464.

. Plaintiffs rely on LSA-C.C. Arts. 1840 and 3010 which make it possible for a principal to ratify acts of his attorney in fact which exceed the " procurement.