286 So.2d 341 (1973)
William H. REBMAN and Gertrude Gardner, Inc.
v.
C. Espy REED.
On Writ of Certiorari, or Review, to the Court of Appeal, Fourth Circuit, Orleans Parish.
No. 53490.
Supreme Court of Louisiana.
December 3, 1973.
Leon H. Rittenberg, Jr., Polack, Rosenberg & Rittenberg, New Orleans, for plaintiffs-applicants.
H. L. Hammett and Robert E. Leake, Jr., Hammett, Leake & Hammett, New Orleans, for defendant-respondent.
DIXON, Justice.
This is a suit for damages and attorney's fees resulting from an alleged breach of a contract to sell an immovable. The judge of the trial court sustained an exception of no cause of action filed by the defendant and dismissed the suit. The Court of Appeal affirmed, 274 So.2d 850; we granted certiorari.
The function of the peremptory exception of no cause of action is to test the sufficiency in law of the petition. As we said in Matte v. Continental Trailways, Inc., 278 So.2d 60 (La.1973):
"The peremptory exception of no cause of action concedes (for the purposes of its trial) the correctness of the well-pleaded allegations of fact and tenders the issue that on the face of the petition *342 no case is presented entitling the mover, in law, to the redress sought. It is the sufficiency in law of the petition or motion which is put at issue by the exception."
See also, Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968); Louisiana Farms Co. v. Yazoo & M. V. R. Co., 172 La. 569, 134 So. 747 (1931).
Thus, if the petition alleges sufficient facts to establish a case cognizable in law an exception of no cause of action must fail.
The allegations in plaintiffs' petition and the documents incorporated therein represent the following:
On July 11, 1970 the defendant gave plaintiff Gertrude Gardner, Inc. written authority to seek a buyer for his home located at 1224 Second Street, New Orleans, at a price of $119,000.
On September 20, 1970 plaintiff Rebman made an offer, in writing, to purchase the property for $100,000. The following day Gertrude Gardner, acting as an agent of defendant under oral authorization, accepted Rebman's offer in writing. On September 22, 1970 defendant sent written authority to accept the offer to Gardner, which act is alleged to have ratified the prior acceptance by Gardner.
Finally, plaintiffs allege that defendant repudiated the contract, thus committing an active breach of the obligation, and pray for damages and attorney's fees.
The defendant urges that the exception be sustained because the petition and the documents attached and incorporated into the petition show affirmatively that no contract to sell ever existed.
Defendant argues that the petition and documents show that the purported agent of the defendant was without authority to accept the offer to purchase. Variations between the offer to buy and the listing agreement between the owner and realtor are relied on to support defendant's position. However, these contentions ignore the factual allegations in the petition concerning ratification of the acts of Gardner by the defendant. Our substantive law recognizes that a principal may ratify the unauthorized acts of his agent. R.C.C. 1840, 3010. Cf. Morrison v. Mioton, 163 La. 1065, 113 So. 456 (1927). Plaintiffs have a right to attempt to prove their factual allegations on the merits.
We find that the petition pleads sufficient facts to establish a case. Further, we do not find anything on the face of the petition or in the documents incorporated therein which would as a matter of law preclude recovery by the plaintiffs. Cf. American Creosote Company, Inc. v. Springer, 257 La. 116, 241 So.2d 510 (1970).
For the reasons assigned, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.