BLANCHE, Judge.
The plaintiffs (approximately 130 in number), all residents of Livingston Parish, seek to enjoin the defendants from operating a rendering plant near Satsuma, in Livingston Parish, Louisiana. The defendants are Gulf South Products, Inc., John D. Smiley and Sars of Louisiana, Inc. Before filing the present suit, the plaintiffs were successful in a prior suit in enjoining one of the defendants, Gulf South Products, Inc., d/b/a Modern Rendering Company, from operating the said rendering plant. That judgment also awarded plaintiffs damages as a result of the nuisance.
On appeal, reported at 253 So.2d 664, writs denied, 260 La. 105, 255 So.2d 92 and 260 La. 111, 255 So.2d 94, this Court amended the injunction simply to enjoin Gulf South from “operating its rendering plant in the present manner, which constitutes a nuisance by reason of the emission of objectionable odors,” thereby allowing Gulf South to continue operations but only in a manner so as not to cause a nuisance to the neighboring property owners. The award of damages was affirmed.
*516 After this Court’s judgment in September of 1971 amending the injunction as aforesaid, the injunction was later made permanent by the trial court on June 23, 1972.
This suit was filed by plaintiffs some eight months after the amendment of the injunction by this Court, asserting that the said plant was continuing to emit objectionable odors in spite of the said injunction. Gulf South was the only defendant in the present suit affected by the prior judgment.
Both Gulf South and Smiley filed peremptory exceptions of no right and no cause of action and dilatory exceptions of vagueness and ambiguity. Gulf South also filed an exception of lis pendens based on the prior injunction proceeding. Sars filed a peremptory exception of no cause or right of action and a dilatory exception of vagueness and ambiguity.
On November 22, 1974, judgment was rendered in the instant suit in favor of Smiley and Gulf South “maintaining the exceptions of no cause or right of action filed by defendants John D. Smiley and Gulf South Products, Incorporated and [ordering] that plaintiff’s suit be dismissed at plaintiff’s costs.” Inasmuch as the exceptions granted by the court were all peremptory and resulted in dismissal of plaintiffs’ suit, the court stated that it was unnecessary thereafter to consider the other dilatory exceptions filed by Gulf South and Smiley. No action has been taken by the trial court concerning Sars and, therefore, its exceptions are not before the Court.
From the aforesaid judgment, plaintiffs have appealed.
Plaintiffs merely state in a page and a half memorandum that the exceptions were sustained through error and the appeal is to correct a mistake made and acknowledged by the trial court in its minute entry of December 19, 1974. The background of this argument stems from the fact that plaintiffs’ counsel was not present when judgment was rendered against plaintiffs dismissing plaintiffs’ suit on a peremptory exception of no cause of action. The minute entry of November 22, 1974, the date on which the judgment was purportedly rendered, does not state that any judgment was rendered on said date and only states that the exceptions filed therein were assigned for trial. However, a judgment filed in the record, but not recorded or referred to in the court minutes, states that the judgment sustaining the exception and dismissing plaintiffs’ suit was rendered in open court on November 22, 1974 and signed on November 27, 1974. The minute entry of December 19 which counsel relies on rescinds the “minute entry [not the court’s judgment] maintaining the exceptions” and reassigns them for another hearing on January 24, 1975. This action by the trial court was obviously without any legal effect, as the judgment sustaining the exceptions that was signed on November 27, 1974, had long since become final. Therefore, that judgment is before this Court on appeal and will be decided on its merits, regardless of whether the same was rendered in error.
Plaintiffs’ counsel does not specify that the court erred in granting the exception on the merits but does casually mention in brief that “the suit does state a cause * * * of action against all the defendants.” From this clue we will now proceed to examine plaintiffs’ petition in detail to determine if it states a cause of action against the defendants.
In considering the exception of no cause of action, we note that the following fundamental legal principles have long been established in our law:
“The exception of no cause of action raises only the question of whether, under the allegations of the petition, if true, there are facts which justify recovery; is there a ‘cause’ on which the suit may be based?” (Metoyer v. Sewerage & Water Board of New Orleans, 100 So.2d 792, 795 [La.App.Orl.1958])
*517 Its sole purpose is to test .the sufficiency of facts pleaded. Louisiana Farms Company v. Yazoo & M. V. R. Co., 172 La. 569, 134 So. 747 (1931). The exception admits as true all of the facts alleged. Bouligny v. Gary, 21 La.Ann. 642 (1869).
The petition states that defendant Smiley is the owner of the property (Paragraph 2) and that defendant Sars is the lessee of the property (Paragraph 13) where certain activities are carried on which have caused plaintiffs damage. It is alleged that all of the defendants, including Gulf South, who was named as a defendant in Paragraph 1, both individually and in concert, have engaged in the activity of operating a rendering plant (Paragraph 3). In Paragraph 8 and succeeding paragraphs, plaintiffs state how the operation of the rendering plant has caused them damage. These allegations are all to the effect that defendants are operating the rendering plant which is emitting putrid and sickening odors, which attracts flies and offensive insects, and which also creates a serious health hazard.
Accordingly, defendants’ argument that plaintiffs’ petition fails to allege any activities by defendants which have caused plaintiffs damage is totally without merit. While we have no idea from the petition how the defendants individually and in concert acted to cause such damage, the dilatory exceptions filed by defendants requiring plaintiffs to state how each had so acted would have thrown some light on the subject. However, the court never reached these exceptions, and the fact remains that all of the defendants are charged in the petition with activities which have caused the plaintiffs damage, with the result that a cause of action is stated against each.
The defendant Smiley argues that the plaintiffs seek to have him found to be in contempt of an injunction previously issued by this Court. We have read the prayer of the petition and are unable to find where plaintiffs have sought such relief.
The defendants also state in brief that the defendant Smiley is dead and argue that any judgment against him would be an absolute nullity, citing Gulfco Finance of Livingston, Inc. v. Lee, 224 So.2d 524 (La.App. 1st Cir. 1969), and appeal after remand, 241 So.2d 301 (La.App. 1st Cir. 1970). We find no evidence of this fact in the record. If, through proper pleadings, the defendants had placed such evidence in the record, the plaintiffs would be given an opportunity to amend their petition so as to include the defendant Smiley’s legal representatives.
For the above reasons, the judgment of the trial court sustaining the peremptory exceptions filed by defendants, John D. Smiley and Gulf South Products, Inc., is reversed and set aside; and the case is hereby remanded to the trial court for further proceedings in accordance with law. All costs of this appeal are to be borne by defendants, with the remaining costs to be assessed in accordance with the final disposition of the case.
Reversed and remanded.